**Regina Hirsh, Plaintiff-Appellee, v. Max Hirsh, Defendant-Appellant.**

**Gen. No. 66–115.**

Second District.

March 29, 1967.

Frank M. Daly, of Waukegan, for appellant.

Bellows, Bellows and Magidson, of Chicago, for appellee.

MR. PRESIDING JUSTICE DAVIS delivered the opinion of the court.

This is an appeal by the defendant-appellant from an order entered July 7, 1966, which among other things, denied the motion of the defendant to withdraw his pleadings heretofore filed in the case, gave judgment in favor of the plaintiff and against the defendant in the sum of $2,600 for unpaid temporary support due from December 1, 1965, to May 25, 1966, and specified that any subsequent temporary support should be retroactive to June 1, 1966.

The action was brought by the plaintiff, Regina Hirsh, against the defendant, Max Hirsh, for separate maintenance and for the enforcement of a support agreement entered into between the parties on May 14, 1958. On November 26, 1965, defendant filed a special appearance and motion to quash the summons based on the assertion that he was not a resident of Lake County.

Pursuant to notice, a hearing was held on November 29, 1965, on plaintiff's motion for temporary support and attorneys' fees, and for a temporary injunction, at which time the defendant did not appear personally, but did appear by counsel. After the plaintiff had offered the testimony of six witnesses and seventeen exhibits, which were admitted in evidence, the trial court found that the defendant was a resident of Lake County when the suit was filed and the summons served upon him; denied defendant's special appearance and his motion to quash the summons; found that it had jurisdiction over the person of the defendant and over the subject matter of the action; ordered the defendant to pay the plaintiff temporary support in the sum of $100 per week, commencing December 1, 1965; and ordered that temporary injunction issue against the defendant, without bond, restraining him from further prosecuting a pending divorce action in Nevada wherein he was plaintiff and Regina Hirsh—the plaintiff herein—was defendant. No appeal was taken from this order.

On December 6, 1965, the defendant filed a document which was entitled, "Special Appearance," wherein he objected to the venue of this court over the subject matter of the suit, and as grounds for such objection, again alleged that since September 11, 1965, he had not been a resident of Lake County, Illinois. He also filed a motion to strike the order of November 29, 1965, which denied his special appearance and motion to quash the service of summons upon him, and directed him to plead

to the complaint. At the hearing on December 21, 1965, on the special appearance and motion, the court deleted that part of the prior order requiring the defendant to plead to the complaint and added thereto the words, "said special appearance stricken."

Thereafter, on January 20, 1966, the defendant filed an answer to the complaint, which denied the material allegations thereof and asserted, as an affirmative defense, that the defendant had been granted an absolute divorce from the plaintiff by a decree of the Second Judicial District Court of the State of Nevada in the County of Washoe, on December 6, 1965.

On February 1, 1966, the plaintiff filed a petition for a rule against the defendant to show cause, if any he had, why he should not be held in contempt of the court for wilful failure to comply with the support order and the provisions of the injunction order aforementioned. In said petition the plaintiff also sought a judgment for the sum of money due and owing to her under the temporary support order. The petition alleged that the defendant had not made any support payments pursuant to the court's order.

On February 23, 1966, the defendant filed a comprehensive motion wherein he asked that the court declare null and void its orders of November 29, 1965; and that the court dismiss plaintiff's petition filed February 1, 1966, and the plaintiff's complaint. And, on April 1, 1966, the defendant filed a motion for leave to withdraw all papers filed by him subsequent to December 21, 1965, for the reason that he desired to file his special appearance challenging the court's jurisdiction over his person and the subject matter of the controversy.

On July 7, 1966, the court heard the plaintiff's petition to show cause and for judgment for the support due; and heard the defendant's three motions: to withdraw his pleadings; for an order declaring the court's orders

357

of November 29, 1965, to be void; and for the dismissal of plaintiff's complaint and her petition to show cause.

At the conclusion of the hearing and after the arguments of counsel, the court denied the defendant's motion to withdraw his pleadings; entered a judgment in favor of the plaintiff and against the defendant in the sum of $2,600 for unpaid temporary support due the plaintiff from December 1, 1965, to and including May 25, 1966; ordered the suspension of further support payments by defendant from June 1, 1966, until the hearing of the case on the merits; set the case for hearing on July 20, 1966; ordered that any subsequent order for temporary support should be retroactive to June 1, 1966; and reserved the court's ruling on the plaintiff's petition to show cause and on her request for attorneys' fees. It is from portions of this order that this appeal is taken.

 The chronology of this proceeding is helpful in narrowing the issues involved in this appeal. It reveals that the defendant failed to take an appeal from the support order entered November 29, 1965. An order for temporary support in either a divorce or separate maintenance proceeding may be enforced by contempt proceedings and is an appealable order. Micelli v. Micelli, 45 Ill App2d 159, 164, 165, 195 NE2d 233 (1963). Also see: In re Estate of Sherwood, 56 Ill App2d 334, 340, 341, 206 NE2d 304 (1965).

 It is established law, in Illinois, that the defendant in a separate maintenance action cannot attack the correctness of an order for temporary support by or through resistance to a supplementary proceeding to enforce such order. Department of Revenue v. Joch, 410 Ill 308, 315, 102 NE2d 155 (1951) ; Anderson v. Anderson, 4 Ill App2d 330, 348–354 incl., 124 NE2d 66 (1955).

 The propriety of such temporary support order may be attacked, within 30 days from rendition, by an appropriate motion. After 30 days from its entry, it may

be attacked, either by appeal, or by a proper petition under section 72 of the Civil Practice Act (Ill Rev Stats 1965, c 110, par 72), but such order cannot be collaterally attacked unless it is void. Reynolds v. Burns, 20 Ill2d 179, 192, 193, 170 NE2d 122 (1960) ; Baker v. Brown, 372 Ill 336, 340, 23 NE2d 710 (1939).

█ █ The factual chronology herein reflects that after the court entered the orders of November 29, 1965, as amended by the order of December 21, 1965—which denied the defendant's motion to quash the service of summons on him and which struck his special appearance—the defendant appeared before the court generally on diverse matters and filed various general pleadings including an answer. The answer alleged, as an affirmative defense, the Nevada divorce decree entered on December 6, 1965, but it did not assert, as affirmative defenses, improper venue, or the lack of jurisdiction in that the defendant was not amenable to process when served in Lake County. Thereby, the defendant did more than object to the jurisdiction of the court over his person. By so doing, he appeared generally in the case and waived the issue of jurisdiction over his person. Jones v. Jones, 40 Ill App2d 217, 226, 227, 189 NE2d 33 (1963) ; Dever v. Bowers, 341 Ill App 444, 449–453 incl., 94 NE2d 518 (1950). Moreover, even if the pleadings were withdrawn, the general appearance of the defendant would remain and the orders entered under such posture of the pleadings would be valid. Dart v. Hercules, 34 Ill 395, 403, 404 (1864).

In addition, the jurisdictional issue was before the court at the hearing held pursuant to notice and special setting on November 29, 1965. While the plaintiff offered proof which was considered as conclusive by the trial court, and is likewise to this court—that the defendant was a resident of Lake County when this action was filed and when he was served with process—the defendant

offered no evidence on the issue of his domicile or otherwise. Under the circumstances of this case, there is nothing in the concept of due process which requires that the defendant be given a second opportunity to litigate the jurisdictional issue.

Thus, the court had jurisdiction over the person of the defendant and the subject matter of the suit, and the temporary support order was valid and in full force and effect. Likewise, the judgment for the plaintiff and against the defendant in the sum of $2,600—based on the payments provided for in such order—was a valid judgment.

It is also here argued by the defendant that the support order and judgment thereon was erroneous because the plaintiff made no showing of the defendant's financial ability to pay. Such contention bypasses the essential fact that there was no appeal from the temporary support order and, in addition, is factually untrue.

██ The defendant also appealed from that part of the order of July 7, 1966, which denied his motion for leave to withdraw his pleadings. However, that part of the order was not an appealable order and is not subject to review. It was not a final judgment, order or decree. Chicago Housing Authority v. Abrams, 409 Ill 226, 229, 230, 99 NE2d 129 (1951); Peach v. Peach, 73 Ill App2d 72, 77–79 incl., 218 NE2d 504 (1966).

Accordingly, the order of the trial court is affirmed and the cause is remanded to the trial court for further proceedings consistent with the views expressed herein.

Order affirmed and cause remanded.

MORAN and ABRAHAMSON, JJ., concur.