**Woodrow Smith, et al., Plaintiffs-Appellants, v. Julian R. Lewis, et al., and Guaranty Bank & Trust Company, as Trustee Under the Provisions of a Trust Agreement Dated the 24th Day of February, 1964, Known as Trust Number 10850, Defendants-Appellees.**

Gen. No. 51,635.

First District, First Division.

July 17, 1967.

Rehearing denied August 11, 1967.

Crowley, Sprecher, Barrett & Karaba, of Chicago (William G. Webber, of counsel), for appellants.

Mitchell Edelson, Jr., of Chicago (Harry G. Fins, of counsel), for appellees.

MR. JUSTICE BURMAN delivered the opinion of the court.

In this action plaintiffs alleged that they conveyed a parcel of real estate to defendant, Julian R. Lewis, under a contractual arrangement which they claimed was breached. They prayed that the conveyance be declared a mortgage and the property be reconveyed to them and possession restored to them and for other relief. The cause, after being at issue, was referred to a Master in Chancery who, amongst other findings and conclusions,

found that their warranty deed was an equitable mortgage and the plaintiffs were the owners of the property. On May 2, 1966, the Chancellor entered a decree, in which he substantially adopted the findings of the Master including an accounting showing that there was a balance of $2,647.16 due and owing the defendants from the plaintiffs. In this appeal plaintiffs contend that the accounting was incorrect and that under their computation there was due them the sum of $14,188.55, plus an award of $5,000 as punitive damages.

We concern ourselves first with defendants' motion to dismiss the appeal on the grounds that the orders appealed from are not final. Plaintiffs appeal from the entry of three orders as follows:

(a) The portions of an order of March 21, 1966, which deny plaintiffs leave to join as third party defendants the persons who were in possession of the property, and a denial of leave to file an amended complaint;

(b) The decree of May 2nd, which we have referred to above; and

(c) Certain parts of the order of June 15, 1966, which amended the decree of May 2, 1966, in certain respects.

It is apparent from the reading of the June 15th order, which was the last order mentioned in the appeal, that it is not a final order nor does it state that there is no just reason for delaying enforcement or appeal. The order provides, in part, as follows:

5. Paragraph 13 of the Decree of May 6, 1966 is hereby quashed and the Court having further considered the representation of counsel relative to the payment of Master's fees makes no ruling at this time but shall further consider the matter on June 30, 1966.

6. Paragraph 14 of the decree of May 6, 1966, is hereby quashed and this Court shall further consider and determine the protection the Defendant should be entitled to as mortgagee of the property in question and shall make further determinations thereon on June 30, 1966.

* * * * * *

9. In addition to the amount of $2,647.16 payable in accordance with Paragraph 2 of this Order, said Plaintiffs shall pay $178.50 per month; however, full credit shall be given to Plaintiffs for such amounts as Defendants have received after deducting such amounts, if any, returned to parties now in possession, as the Court shall more fully determine on June 30, 1966.

10. This cause is continued without further notice to the parties to 11:00 A. M. June 30, 1966.

■ The jurisdiction of the Appellate Court is limited to reviewing appeals from final judgments and from certain interlocutory orders specified by the Supreme Court. Ill Const art VI, § 7; Supreme Court Rule 31, Ill Rev Stats 1965, c 110, § 101.31; Supreme Court Rules 307 and 308, effective January 1, 1967; LaSalle· Nat. Bank v. Little Bill "33" Flavors, 80 Ill App2d 298, 225 NE2d 465.

■ As was stated in Ariola v. Nigro, 13 Ill2d 200, 207, 148 NE2d 787, "we may consider that section 50(2) was aimed at discouraging piecemeal appeals, in the absence of just reason, and at removing the uncertainty which existed when a final judgment was entered on less than all of the matters in controversy." The court went on to say that section 50(2) was intended to apply wherever a final judgment or decree determines fewer than all the rights and liabilities at issue. "Were we to hold otherwise and decide every nonconforming appeal, inadvertent or intentional, on its merits, the section would be

reduced to a nullity and the advantage it was intended to create would become nonexistent." P 208.

Appeals have been dismissed where there is an absence of an express finding by the trial court that there is no just reason for delaying appeal until all claims, rights or liabilities are adjudicated. Hanley v. Hanley, 13 Ill2d 209, 148 NE2d 792; Ariola v. Nigro, 13 Ill2d 200, 148 NE 2d 787. See section 50(2) of the Civil Practice Act, Ill Rev Stats 1965, c 110, § 50(2).

The last order appealed from was entered on June 15, 1966, and in Paragraph 5 the Chancellor reserved his ruling relative to the Master's fees until June 30, 1966. In Paragraph 6 it provides that the Court shall further consider and determine the matter of protection the defendant should be entitled to as mortgagee on June 30. In Paragraph 9 the court ruled that in addition to the amount of $2,647.16 due the defendants, the plaintiff shall pay $178.50 per month, but full credit will be given to plaintiffs for such amounts "as defendants have received after deducting such amounts, if any, returned to parties now in possession, as the Court shall more fully determine on June 30, 1966." The cause was continued to June 30, 1966, at 11:00 a. m.

█ We hold that fewer than all matters in controversy have been determined and that the orders appealed from are interlocutory and not final. Accordingly the appeal is dismissed.

Appeal dismissed.

MURPHY, P. J. and ADESKO, J., concur.