THE PEOPLE *ex rel.* JOHN C. WATSON, Director of the Department of Registration and Education, *et al.*, Plaintiffs-Cross-Defendants-Appellees, *v.* ALAN SPINKA, Indiv. and d/b/a North Grand Dental Laboratory *et al.*, Defendant-Appellant.—(ALAN SPINKA, Cross-Plaintiff-Appellant.)

First District (5th Division)    No. 76-1478

Opinion filed March 10, 1978.—Rehearing denied April 7, 1978.

Hugh M. Matchett, of Chicago, for appellant.

Peterson, Ross, Schloerb & Seidel, of Chicago (Russell M. Pelton and Ellen J. Kerschner, of counsel), for appellees.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Defendant, Alan Spinka, appeals from an order dismissing his affirmative defense and counterclaim, finding him to be in contempt of an injunction which prohibited him from practicing dentistry in the State of Illinois without a license, and sentencing him to 10 days in the Cook County Jail and an assessment of $1,100 in costs. On appeal he contends that: (1) the trial court's order, as well as the original injunction itself, should be declared unconstitutional and void, (2) the trial court erred in not granting his motion to strike plaintiffs' petition for rule to show cause why he should not be held in contempt, and (3) the prosecution was improperly instituted.

The following facts are pertinent to the disposition of this appeal.

On July 28, 1966, the State upon the relation of the Department of Registration and Education filed a complaint against Wilbert Bochte, Alex Stefanek, and defendant Alan Spinka, alleging that they were engaging in the practice of dentistry as a regular course of business without being properly licensed to do so. The complaint specifically alleged, *inter alia,* that defendants had represented themselves as being able to diagnose, treat or prescribe for certain deficiencies or physical conditions of the human teeth, gums or jaw; had managed or operated a place where dental operations were performed; had taken impressions of the human teeth or jaws incident to replacing teeth or associated tissues by means of a filling, crown, bridge, or denture or other appliance; had performed other dental operations; and had furnished, supplied, constructed, reproduced or repaired prosthetic dentures, bridges, or other substitutes for natural teeth to the user thereof. Defendants were therefore alleged to be in violation of section 3 and section 5 of the Dental Practice Act (Ill. Rev. Stat. 1965, ch. 91, pars. 58, 60) which, respectively, provides that no person shall practice dentistry in the State of Illinois without first obtaining a license to do so from the Department of Registration and Education, and sets forth the type of activities which constitute the practice of dentistry.

On March 29, 1968, a consent decree was entered by the trial court

permanently enjoining Spinka from engaging in the practice of dentistry and performing various stated dental operations without a license. It specifically reserved jurisdiction in the trial court to enforce the terms of the injunction.

On August 11, 1972, plaintiff filed a petition for rule to show cause why Spinka should not be held in contempt for violating the terms of the injunction. A stipulation was then entered into whereby it was agreed that the Illinois State Dental Society would be given leave to intervene as an additional plaintiff-relator, and that costs would be awarded to the State of Illinois in the sum of $300, to be paid within five days, and to the Illinois State Dental Society in the sum of $1,500 to be paid one-third within 30 days, one-third within 60 days, and the balance within 90 days. The trial court entered an order conforming to the stipulation and the petition was withdrawn.

On May 1, 1974, plaintiffs filed a new petition for a rule to show cause why Spinka should not be held in contempt for his willful violations of the 1968 injunction. The petition, with attached affidavits, described the new violations. After Spinka was served, the court continued the petition and, subsequently, granted plaintiffs' motion to withdraw it without prejudice to refile at a later date and ordered that Spinka pay plaintiffs' costs.

On November 24, 1975, plaintiffs filed a new petition for a rule to show cause together with attached affidavits alleging a series of new violations. Spinka did not contest the factual allegations in the petition or the affidavits supporting it, and a rule to show cause was issued. He instead filed a motion to strike the petition on the grounds that it failed to state whether the contempt charged was direct or indirect, whether civil or criminal, and if criminal, whether it was in the nature of a felony or a misdemeanor. Spinka further stated that the action was not being properly prosecuted because it was not brought by the Attorney General of Illinois or the State's Attorney of Cook County. Alternatively, he entered a plea of not guilty and moved for a jury trial. The trial court denied the motion to strike and the motion for a jury trial, stating in its order that the matter would not be regarded as a serious criminal contempt and any penalty imposed would not exceed six months confinement. Spinka also filed an affirmative defense and cross-complaint, "on his own behalf and on behalf of all other persons similarly situated," asking that the court dismiss the contempt proceeding and find that the provisions of the Illinois Dental Practice Act which plaintiffs sought to enforce were unconstitutional insofar as they arbitrarily and unreasonably prohibited persons from practicing "denture therapy" without a license. On September 13, 1976, following a hearing, the trial court granted plaintiffs' motion to strike the affirmative defense and counterclaim and found that Spinka's constitutional issues were not well taken. The court further found him to be in contempt of the 1968 injunction as charged,

sentenced him to 10 days confinement in the Cook County Jail, and entered a judgment for costs against him totalling $1,100. He appeals from this order and all previous adverse judgments and orders.

Opinion

■■■ Defendant first contends that since the provisions of the Dental Practice Act upon which the 1968 injunction was based are unconstitutional, the injunction should be declared void and the trial court's order of contempt should be reversed. The trial court, in its contempt order, found that defendant's constitutional arguments were not well taken. Plaintiffs have correctly argued, however, that this finding was unnecessary, since the issue of the Dental Practice Act's constitutionality was not properly before the trial court and similarly should not be considered by this court on appeal. It is clear that when an Illinois circuit court with jurisdiction over the subject matter and the persons issues an injunction, that injunction, however erroneous it may be, must be obeyed until it is set aside; disobedience of it is properly punishable as a contempt. (*Board of Education v. Kankakee Federation of Teachers Local No. 886* (1970), 46 Ill. 2d 439, 264 N.E.2d 18, *cert. denied* (1971), 403 U.S. 904, 29 L. Ed. 2d 679, 91 S. Ct. 2203.) The injunction must be obeyed even though the alleged error concerns a deprivation of constitutional rights. (*Board of Trustees v. Cook County College Teachers Union Local 1600* (1976), 42 Ill. App. 3d 1056, 356 N.E.2d 1089.) At no point since the 1968 consent decree of injunction was entered has there been any question raised as to the proper jurisdiction of the issuing court. It should also be noted that no notice of appeal of that decree was filed within the 30 day period prescribed by Supreme Court Rule 303. (Ill. Rev. Stat. 1975, ch. 110A, par. 303.) Defendant took no legal action whatsoever until the instant contempt proceeding was brought against him at which point he raised a constitutional claim in an effort to collaterally attack the injunction. It is a well-established rule that the only issue before the court in a contempt proceeding is whether the defendant could properly be found to have violated the court's order, and that a collateral attack on that order may not be made. (*United Mine Workers of America Union Hospital v. United Mine Workers of America District No. 50* (1972), 52 Ill. 2d 496, 288 N.E.2d 455; *Board of Junior College District No. 508 v. Cook County College Teachers Union, Local 1600* (1970), 126 Ill. App. 2d 418, 262 N.E.2d 125, *cert. denied* (1971), 402 U.S. 998, 29 L. Ed. 2d 165, 91 S. Ct. 2168.) In light of the fact that defendant has not contested any of the factual allegations made against him in plaintiffs' petition, we must conclude that the trial court's finding that defendant was in contempt of the court's permanent injunction should be affirmed as being in accord with the manifest weight of the evidence. See *Schulenburg v. Signatrol, Inc.* (1967), 37 Ill. 2d 352, 226 N.E.2d 624.

■■ ■ The only possible exception to the rule that an erroneous or even unconstitutional injunction which was entered under proper jurisdiction must nevertheless be obeyed is where the injunction is transparently invalid or has only a frivolous pretense to validity. (See, *Walker v. City of Birmingham* (1967), 388 U.S. 307, 18 L. Ed. 2d 1210, 87 S. Ct. 1824.) We find that the facts here do not fall within this exception. In his attack on the injunction, defendant has relied on and quoted extensively from legislation entitled the "Denture Therapists Act," enacted in 1974 by the Legislative Assembly of Ontario, Canada, which recognized denture therapy as a separate distinct profession and provided for the licensing of denture therapists. Defendant argues that in comparison to the more recently enacted Canadian legislation, the Illinois Dental Practice Act, insofar as it does not recognize "denture therapy" as a separate profession and requires that those who practice it or other forms of dentistry be properly licensed, is therefore arbitrary, unreasonable and unconstitutional. It is clear, however, that the Canadian legislation could not be considered by this or any other Illinois court, since it is only in the absence of Illinois authority on the point of law in question that the courts of Illinois will look to the law of other jurisdictions as persuasive authority. (*Atwood Vacuum Machine Co. v. Continental Casualty Co.* (1969), 107 Ill. App. 2d 248, 246 N.E.2d 882; *Illinois National Insurance Co. v. Rose* (1968), 93 Ill. App. 2d 329, 235 N.E.2d 675.) The constitutionality of the Illinois Dental Practice Act as a valid exercise of the police power has been affirmed by the Illinois Supreme Court and by this court. (See *People ex rel. Chicago Dental Society v. A.A.A. Dental Laboratories, Inc.* (1956), 8 Ill. 2d 330, 134 N.E.2d 285; *People ex rel. Illinois State Dental Society v. Vinci* (1976), 35 Ill. App. 3d 474, 342 N.E.2d 206.) There is therefore no basis whatsoever for concluding that the injunction enforcing the provision of the Dental Practice Act was transparently invalid and need not have been obeyed.

■■ Defendant next contends that his motion to strike the petition for rule to show cause should have been allowed. He argues that the petition was defective in that it did not specify whether the contempt which it alleged was criminal or civil, serious or minor, or what punishment, if any, was sought. Defendant admits that in the trial court's order denying his motion to strike and his alternative request for a jury trial, he was advised by the court that the proceeding would not be regarded as a serious criminal contempt, and that the penalty imposed, if any, would not exceed confinement of six months. The court's order correctly informed defendant that although the matter was brought to punish him for disobeying an injunction and was, therefore, a criminal contempt (*People ex rel. Chicago Bar Association v. Barasch* (1961), 21 Ill. 2d 407, 173 N.E.2d 417), the contempt was minor, and a jury trial would be properly

denied. (*People ex rel. Illinois State Dental Society v. Taylor* (1971), 131 Ill. App. 2d 492, 268 N.E.2d 463.) Although he characterizes plaintiffs' petition as "defective," defendant has not alleged that he was not sufficiently informed of the nature of the charges against him, or that he was rendered unable to sufficiently prepare his defense or file his answer. In view of the trial court's order discussed above, it is difficult to find that defendant suffered any prejudice as a result of the "defects" which he alleges. We therefore conclude that his motion to strike was properly denied.

■■ Finally, defendant contends that the contempt proceeding was not properly instituted. He first argues that the court lacked jurisdiction to conduct the proceeding, because while section 17a of the Dental Practice Act (Ill. Rev. Stat. 1975, ch. 91, par. 71a) provides that a suit may be filed to perpetually enjoin any person from unlawfully practicing dentistry, neither that section nor any other section of the Act provides that criminal contempt proceedings may be instituted to punish persons who violate an injunction which may be issued. This argument is without merit. The power to punish for contempt is an inherent and essential power in all courts, and exists independently of any statute. (*People v. Javaras* (1972), 51 Ill. 2d 296, 281 N.E.2d 670.) It was fully within the power and jurisdiction of the trial court to punish defendant for his admitted disobedience of the injunction which it had previously issued.

■■ ■ Defendant's remaining argument, which is that since the proceeding was brought on the relation of the Illinois State Dental Society and not by the correct public official it was therefore not properly prosecuted, is also without merit. Section 17a of the Dental Practice Act (Ill. Rev. Stat. 1975, ch. 91, par. 71a) declares the unlicensed practice of dentistry to be a public nuisance and authorizes an action to enjoin such practice to be maintained by the Illinois Attorney General, State's Attorney of any county, or any resident citizen. On appeal, defendant has, in his words, "suggested" that the Illinois State Dental Society is not a resident citizen of Illinois. This allegation that plaintiff lacked the capacity to institute the proceeding would give rise to a defense which would be subject to waiver unless raised at the earliest moment at trial. (See *Zimmerman Ford, Inc. v. Cheney* (1971), 132 Ill. App. 2d 871, 271 N.E.2d 682.) Since the question of whether the Illinois State Dental Society qualified as a resident citizen of Illinois was never raised at trial, but was brought up for the first time on this appeal, the issue has not been properly preserved for review.

Based on the foregoing the judgment of the circuit court is affirmed.

Affirmed.

SULLIVAN, P. J., and MEJDA, J., concur.