VULCAN MATERIALS COMPANY, Plaintiff-Appellee, *v.* THE COUNTY OF WILL, Defendant-Appellant.—(ALFRED JOLY *et al.*, Intervening Defendants-Appellants.)

Third District   No. 77-240

Opinion filed July 11, 1978.

James E. Garrison, Special State's Attorney, of Joliet, and David Lincoln Ader, of Chicago, for appellants.

Thomas R. Wilson, of Herschbach, Tracy, Johnson, Bertani & Wilson, of Joliet, for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Vulcan Materials Company instituted an action against the defendant Will County in the Circuit Court of said County, seeking a declaratory judgment that a nonconforming use existed as to certain land then owned by plaintiff Vulcan Materials Company. Following hearings in the trial court, a decree was entered on January 24, 1977, finding that plaintiff had established a nonconforming use of the property for quarrying purposes and enjoining defendant Will County from interfering with the use for quarrying on said property. Defendant Will County and the intervening

defendants (adjoining property owners and others) appeal from that decree.

■■ On April 12, 1978, while this appeal was pending, the Circuit Court of Will County entered an order in an eminent domain proceeding which was brought by the Will County Forest Preserve District against Vulcan Materials Company, as a result of which the Vulcan Materials Company's interest in the subject real estate was terminated and title in such property was vested in the Will County Forest Preserve District. It, therefore, appears that there is no longer a controversy existing between plaintiff Vulcan and defendant Will County with respect to the use of the subject property for quarrying purposes. As stated by the supreme court of this State in *Underground Contractors Association v. City of Chicago* (1977), 66 Ill. 2d 371, 375-76, 362 N.E.2d 298:

> "Essentially, there are two main, general requirements for standing to bring an action for declaratory relief. First, there must be an 'actual controversy.' [Citation.] 'Actual' in this context does not mean that a wrong must have been committed and injury inflicted. Rather, it requires a showing that the underlying facts and issues of the case are not moot or premature, so as to require the court to pass judgment on mere abstract propositions of law, render an advisory opinion, or give legal advice as to future events. [Citations.] The case must, therefore, present a concrete dispute admitting of an immediate and definitive determination of the parties' rights, the resolution of which will aid in the termination of the controversy or some part thereof. [Citations.]
>
> The second, and somewhat related requirement, is that the party seeking the declaration must be 'interested in the controversy.' [Citation.] The word, 'interested' does not mean merely having a curiosity about or a concern for the outcome of the controversy. Rather, the party seeking relief must possess a personal claim, status, or right which is capable of being affected. [Citations.] The dispute must, therefore, touch the legal relations of parties who stand in a position adverse to one another. [Citation.]"

■■ Since, as a result of the eminent domain proceeding referred to, title to the subject real estate is no longer in Vulcan Materials Company, it is clear that Vulcan would not now have sufficient interest in the controversy to institute or maintain an action seeking declaration of a nonconforming use. The Will County Forest Preserve District (the current owner of the property) would now have standing to seek declaration of a nonconforming use and to defend the appeal. Such Forest Preserve District has not attempted to intervene in this appeal and it thus appears that there is now existing no actual controversy between the parties to this

appeal. As stated in *Wheeler v. Aetna Casualty & Surety Co.* (1974), 57 Ill. 2d 184, 189, 311 N.E.2d 134:

> "The proposition is established that a court of review will not ordinarily dispose of an appeal on its merits where the court has notice of facts that demonstrate that no actual rights or interests of the parties will be affected thereby. [Citations.]"

In the *Wheeler* case, plaintiff had brought an action for declaratory judgment against his insurer, seeking a declaration that the insurer was obliged to defend a particular action then pending as against the plaintiff. When it appeared that the action against *Wheeler* (plaintiff) had been settled prior to determination of the *Wheeler* appeal, the court in that case concluded (57 Ill. 2d 184, 190):

> "Subsequent developments have rendered this case moot. The judgment of the appellate court will be vacated and the cause remanded to the circuit court of Cook County with directions to dismiss the complaint."

In the instant case, subsequent developments have also rendered this case moot and no actual rights of the parties to this appeal should be affected by our determination of issues on this appeal, and we, therefore, have determined that there should be no disposition of this appeal which would affect the interest of the parties in ownership of the property or of interest of the county or other parties in interest. Under such circumstances, we believe that a just resolution of the situation should not permit the judgment entered by the circuit court in this action to prejudice the rights of the owner of the property or other parties to the action. A disposition such as we have outlined does not inhibit the rights and interests of the owners of the property (if such owner so desires) to maintain an action of the nature instituted by Vulcan originally in this action and, also, does not affect the rights and interests of the county and of other parties in interest to oppose such action, when and if instituted by the owner of the premises under consideration.

We, therefore, have determined that this cause should be remanded to the trial court with directions to vacate its orders previously entered in this cause and to dismiss the complaint of plaintiff-Vulcan Materials Company.

Remanded with directions to vacate orders of the trial court previously entered in this case and to dismiss plaintiff's complaint.

BARRY, P. J., and STENGEL, J., concur.