LINDA A. SCUDDER, Plaintiff-Appellant, *v.* JOHN F. SCUDDER, Defendant-Appellee.

First District (5th Division)   No. 78-944

Opinion filed April 12, 1979.

Burton A. Brown, Ltd., of Chicago, for appellant.

Edward L. Sylvestrak, of Oak Forest, for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

Plaintiff appeals from an order vacating a judgment of dissolution of her marriage to defendant. She contends that the trial court erred when it granted defendant's petition to vacate the aforementioned judgment without an evidentiary hearing since there were issues of fact in dispute. However, we do not reach the merits of plaintiff's contention since we do not have jurisdiction to decide this appeal.

The complaint for divorce was filed August 3, 1977, and by stipulation of the parties was heard as a default matter on January 6, 1978. During direct examination of the plaintiff, a property settlement agreement was identified and was introduced into evidence with no objection by defense counsel. On January 20, 1978, a judgment for dissolution of marriage was entered. The property settlement agreement was incorporated into the judgment. On February 17, 1978, defendant filed a petition to vacate the judgment of dissolution alleging that the entry of the decree was secured without the approval of defendant as to the form and contents thereof; that the entry of the decree was secured without notice to defendant; and that the decree did not fully and fairly represent the agreement of the parties in that it failed to recite that the property settlement required the joint repayment of the sum of $6,000 to the parents of the defendant. Plaintiff's response to this petition denied that the parties had agreed to an allocation of the burden of the $6,000 indebtedness. After hearing the arguments of counsel, but without hearing any testimony by the parties or their witnesses, the trial court granted defendant's petition to vacate and reassigned the matter to the trial call.

■■■ Plaintiff contends that the trial court's failure to hold an evidentiary hearing prior to granting defendant's petition to vacate constitutes reversible error. However, we do not reach this contention. Sections 50(5) and 68.3(1) of the Illinois Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, pars. 50(5) and 68.3(1)) provide that:

> "The court may in its discretion, before final order or judgment, set aside any default, and may on motion filed within 30 days after entry thereof set aside any final order or judgment upon any terms and conditions that shall be reasonable."

> "In all cases tried without a jury, any party may, within 30 days after the entry of the judgment or within any further time the court may allow within the 30 days or any extensions thereof, file a

motion for a rehearing, or a retrial, or modification of the judgment or to vacate the judgment or for other relief."

Under these statutes, the circuit court is clearly authorized to maintain its jurisdiction, upon a motion filed within 30 days, over all judgments entered in the case. In *Stoller Lumber Co. v. Cosmopolitan National Bank* (1968), 101 Ill. App. 2d 431, 431-32, 243 N.E.2d 485, this court stated:

"Section 50(5) of the Civil Practice Act provides that the court may on motion filed within thirty days after entry thereof, set aside any final order, judgment or decree upon any terms and conditions that shall be reasonable. * * * The order vacating the decree, entered within thirty days from the entry of the decree, was interlocutory and not appealable. Therefore the appeal is dismissed."

(See also *City of Park Ridge v. Murphy* (1913), 258 Ill. 365, 101 N.E. 524; *Natale v. Enterprise Publishing Co.* (1967), 82 Ill. App. 2d 105, 227 N.E.2d 84; and *Williams v. Morton* (1967), 80 Ill. App. 2d 442, 225 N.E.2d 671.) In the instant case, defendant's petition to vacate was filed within 30 days of the entry of the judgment of dissolution of marriage. Although the order vacating the judgment was interlocutory in nature, we note that plaintiff did not attempt to classify her appeal as an interlocutory one and the trial court did not state, as the rule governing interlocutory appeals requires, that its order "involves a question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." (Ill. Rev. Stat. 1977, ch. 110A, par. 308.) Based on the above, plaintiff's appeal from the order entered by the trial court is dismissed.

Appeal dismissed.

SULLIVAN, P. J., and MEJDA, J., concur.