*In re* MARRIAGE OF DANIEL L. MEYER, Petitioner and Counterrespondent-Appellant, and MARSHA K. MEYER, Respondent and Counterpetitioner-Appellee.

Fourth District   No. 16330

Opinion filed January 21, 1981.

Daniel Meyer, of Melvin, and Arnold F. Blockman, of Hatch, Blockman & McPheters, of Champaign, for appellant.

Frank J. Black, of Black & Black, of Morris, and Gerald P. Rodeen, of Dilks, Rodeen & Gibson, of Paxton, for appellee.

Mr. JUSTICE WEBBER delivered the opinion of the court:

Counterrespondent-husband appeals two orders of the circuit court of Ford County entered in a dissolution proceeding. Since we have concluded that we have no jurisdiction, any extended recitation of the facts becomes irrelevant and will be omitted.

The husband filed his petition for dissolution on August 9, 1978, and this was followed by the wife's counterpetition on May 29, 1979. She also filed a petition for temporary child support and maintenance. On July 24, 1979, the trial court held a hearing on the grounds for dissolution and for temporary relief.

On August 15, 1979, the trial court entered its order granting temporary maintenance to the wife. This order, in substance, ordered the husband to convey the marital home to the wife as trustee for the court and authorized the wife as such trustee to sell, mortgage or pledge the home. From the proceeds she was authorized to pay to herself the sum of

$1,500 per month as undifferentiated temporary maintenance and child support pending final disposition of the cause. One week later, on August 22, 1979, the husband filed a motion to vacate the order of August 15, 1979, but so far as the record discloses, this motion was never acted upon by the trial court and is still pending. Husband makes the August 15 order part of his appeal.

On August 17, 1979, the trial court entered an order on grounds for dissolution. That order found in favor of the wife on her counterpetition as to grounds but reserved all other matters.

Matters then remained dormant for more than six months but during this interval the husband had filed in bankruptcy, both individually and for his corporation. On March 18, 1980, the trial court held another hearing which was limited to questions of maintenance, child support and visitation. The court recited in its formal order, filed April 15, 1980, that all other matters having to do with property division were stayed by order of the bankruptcy court. This order of April 15 is likewise appealed by the husband.

The primary question to be considered is the jurisdiction of this court. In doing so, we find it necessary to separate the orders appealed from since differing principles govern each of them.

■■ First, as to the interlocutory order of August 15, 1979; such orders are not ordinarily appealable in the absence of a finding by the trial court under Supreme Court Rule 304(a) (73 Ill. 2d R. 304(a)), and the record discloses no such finding in the instant case. However, if an adjudication of contempt has been entered on the interlocutory order, the contempt order may be appealable. *Micelli v. Micelli* (1963), 45 Ill. App. 2d 159, 195 N.E.2d 233.

The August 15 order was for "undifferentiated" maintenance and child support. Its violation would therefore be punishable by contempt under the specific provision of section 505(b) of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 505(b)), but no order of contempt exists here. We note in passing that no such parallel provision exists as to maintenance in section 504 of the Illinois Marriage and Dissolution of Marriage Act, but that question is not before us under the facts of this case. We therefore offer no opinion on the subject.

Procedurally, then, the order appears not to be appealable. Additionally, two facts militate against it. First, the record discloses that the husband filed a motion to vacate the order and that motion is still pending in the trial court. It is thus apparent under Supreme Court Rule 303(a) (73 Ill. 2d R. 303(a)) that the notice of appeal as to this order is premature. Compare *Stewart v. Stewart* (1975), 35 Ill. App. 3d 236, 341 N.E.2d 136.

More importantly, the trial court's order of April 15, 1980, recites that the provisions of the August 15, 1979, order "were frustrated by the parties' subsequent disposition between themselves of the property from

which that support was to be paid." It is fundamental that courts will not review moot questions. *Vulcan Materials Co. v. County of Will* (1978), 61 Ill. App. 3d 925, 378 N.E.2d 389.

We have no jurisdiction of the August 15, 1979, order.

Turning next to the order of April 15, 1980, we find serious deficiencies in it. Like the August 15 order discussed above, it, too, lacks any finding under Supreme Court Rule 304(a), but even such a finding would not be sufficient in this case. "An order must be final in its character, apart from the express finding. *Davis v. Childers* (1965), 33 Ill. 2d 297, 211 N.E.2d 364; *Smith v. Lewis* (1967), 85 Ill. App. 2d 246, 229 N.E.2d 323." *O'Donnell v. Sears, Roebuck & Co.* (1979), 71 Ill. App. 3d 1, 6, 388 N.E.2d 1073, 1078.

■■ The order in question recites on its face that it deals with maintenance, child support and visitation, "all other matters respecting the division of property having been stayed by order of the bankruptcy court." By the plain wording of sections 504 and 505 of the Illinois Marriage and Dissolution of Marriage Act no award of maintenance or child support can be made until after there has been a division of property:

> "(a) * * * the court may grant a maintenance order for either spouse, only if it finds that the spouse seeking maintenance:
>
> (1) lacks sufficient property, including marital property apportioned to him, to provide for his reasonable needs, and
> * * *
> (b) The maintenance order shall be in such amounts and for such periods of time as the court deems just, * * * after consideration of all relevant factors, including:
>
> (1) the financial resources of the party seeking maintenance, including marital property apportioned to him, and his ability to meet his needs independently, including the extent to which a provision for support of a child living with the party includes a sum for that party as custodian." Ill. Rev. Stat. 1979, ch. 40, par. 504(a)(1), (b)(1).
>
> "(a) * * * the court may order either or both parents, * * * to pay an amount reasonable and necessary * * * after considering all relevant factors, including:
> * * *
> (2) the financial resources and needs of the custodial parent." Ill. Rev. Stat. 1979, ch. 40, par. 505(a)(2).

We therefore find that under no circumstances can the order of April 15, 1980, be construed as a final order.

For the foregoing reasons the appeal is dismissed.

Appeal dismissed.

TRAPP, P. J., and GREEN, J., concur.