*In re* MARRIAGE OF CLARICE ROSSI, Petitioner-Appellee, and JOSEPH E. ROSSI, Respondent-Appellant.

First District (1st Division)    Nos. 80-1702, 80-3165 cons.

Opinion filed September 28, 1981.

Margaret C. Benson, of Law Offices of Barbara B. Hirsch, of Chicago, for appellant.

Barclay, Damisch & Sinson, Ltd., of Chicago (Junie L. Sinson and Robert A. McNees, of counsel), for appellee.

Mr. PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

On January 30, 1979, pursuant to a bifurcated hearing, judgment was entered dissolving the marriage between petitioner Clarice Rossi and

respondent Joseph Rossi, and continuing the matters of support, maintenance, attorney's fees and property rights for further hearing. After a hearing, an order was entered on June 6, 1980, which provided that respondent pay $8,000 to petitioner "without prejudice as to the outcome of the trial" within 30 days. When respondent's attorney asked the court what the award was for, and whether it was for allocated maintenance, child support, or to repay debts, the court responded, "It has nothing to do with that, it is the fact that she is hurting with the three children in his home and I think his lifestyle is quite good. We can straighten it all out at the end, if I am wrong." On October 17, 1980, after additional hearings and after trial had begun, another order was entered which provided in pertinent part that respondent pay $1,958 to petitioner's accountant for services rendered in connection with this cause, and which mutually enjoined both parties from transferring assets other than in the ordinary course of business. In this consolidated appeal respondent appeals from both orders. Petitioner has moved that both appeals be dismissed for lack of jurisdiction and for failure of respondent to comply with Supreme Court Rules 301, 304, 307, and 308, governing appeals (Ill. Rev. Stat. 1977, ch. 110A, pars. 301, 304, 307, and 308). Petitioner's motions have been taken with the case.

For the reasons set forth herein both appeals are dismissed.

On April 10, 1978, petitioner Clarice Rossi filed a petition for dissolution of marriage, and on August 25, 1978, she filed a petition for temporary custody, support, and attorney's fees. After a hearing an order was entered on September 12, 1978, which provided that respondent pay petitioner each month the sum of $1,500 as temporary unallocated maintenance and child support during the pendency of the suit, and that respondent also pay all monthly mortgage payments on the parties' real estate, all real estate taxes, all insurance and all family medical and dental bills. Upon appropriate billing by a certified public accountant, respondent was ordered to pay the accountant's audit charges up to the sum of $1,000, and any sum in excess of $1,000 could only be approved by the court on appropriate petition by the petitioner. Pursuant to a bifurcated hearing the marriage was dissolved on January 30, 1979. Thereafter, petitioner filed a motion on November 14, 1979, asking for compliance with the court's order of September 12, 1978, with respect to the payment of accountant's fees, and requesting also the payment of additional accountant's fees, an increase in temporary maintenance and child support, and an injunction to enjoin respondent from transferring assets other than in the ordinary course of business. The matter was set for hearing on the same day as trial. On April 4, 1980, the court heard extensive testimony from respondent relative to his assets and his ability to pay; on April 22, 1980, the court heard testimony of respondent relative to the transfer of

assets by him, his destruction of bank savings passbooks, and the purchase by him of tax-exempt bonds and stocks with funds from sources he could not identify; on June 4, 1980, the court heard petitioner's testimony concerning her current source of income, her inability to pay family bills without borrowing money to sustain the family, and her debts. The court then found that the family was suffering in general and that the husband was able to pay because his "lifestyle is quite good," and on June 6, 1980, the court entered an order which directed respondent to pay petitioner $8,000 within 30 days. Respondent has appealed this order. On August 15, 1980, the court heard further testimony of respondent with regard to his debts and the marital assets. On October 17, 1980, after hearing arguments of counsel, the court entered an order which provided in pertinent part that the parties were mutually enjoined from transferring assets other than in the ordinary course of business, and which ordered respondent to pay petitioner's accountant the sum of $1,958. Respondent has appealed from this order also, and the two appeals have been consolidated.

Petitioner has urged that respondent's appeal from the order entered June 6, 1980, ordering respondent to pay petitioner $8,000 within 30 days, and respondent's appeal from the order entered October 17, 1980, ordering respondent to pay petitioner's accountant $1,958 should be dismissed because the two orders do not appear to be final appealable orders as set forth in Supreme Court Rules 301 and 304 (Ill. Rev. Stat. 1977, ch. 110A, pars. 301 and 304; *In re Marriage of Lentz* (1980), 79 Ill. 2d 400, 403 N.E.2d 1036; *In re Marriage of Brown* (1980), 86 Ill. App. 3d 964, 410 N.E.2d 79; *English v. English* (1979), 72 Ill. App. 3d 736, 393 N.E.2d 18). Petitioner argues that the orders are not final judgments disposing of all claims of the parties pursuant to Supreme Court Rule 301 (Ill. Rev. Stat. 1977, ch. 110A, par. 301), nor are they final judgments as to one of several claims for relief pursuant to Supreme Court Rule 304 (Ill. Rev. Stat. 1977, ch. 110A, par. 304), because the questions of final property settlement, attorney's fees and costs have yet to be determined, and the orders did not contain express written findings by the trial court that there is no just reason for delaying enforcement or appeal, the language required by Rule 304 to make such final judgments appealable. (Ill. Rev. Stat. 1977, ch. 110A, par. 304; *In re Marriage of Lentz*; *In re Marriage of Atkinson* (1980), 82 Ill. App. 3d 617, 402 N.E.2d 831.) Petitioner urges that in the absence of such findings the appeals must be dismissed. (*In re Marriage of Lentz*; *In re Marriage of Atkinson*.) Petitioner also urges that the two orders do not fall into one of the categories for interlocutory appeals as of right set forth in Supreme Court Rule 307 (Ill. Rev. Stat. 1977, ch. 110A, par. 307), nor has respondent requested leave to appeal from an interlocutory order pursuant to Supreme Court Rule 308 (Ill. Rev. Stat. 1977, ch. 110A, par. 308), and respondent has not classified his

appeals as interlocutory appeals (Ill. Rev. Stat. 1977, ch. 110A, par. 307; *Scudder v. Scudder* (1979), 71 Ill. App. 3d 534, 390 N.E.2d 23).

In urging that the appeals should not be dismissed, respondent argues that an order for temporary support is immediately appealable because it is enforceable by contempt proceedings. Ill. Rev. Stat. 1979, ch. 40, par. 505(b); *Kazubowski v. Kazubowski* (1970), 45 Ill. 2d 405, 259 N.E.2d 282; *People v. Ealy* (1977), 49 Ill. App. 3d 922, 365 N.E.2d 149; *Hirsh v. Hirsh* (1967), 81 Ill. App. 2d 354, 225 N.E.2d 42; *In re Estate of Sherwood* (1965), 56 Ill. App. 2d 334, 206 N.E.2d 304; *Micelli v. Micelli* (1963), 45 Ill. App. 2d 159, 195 N.E.2d 233.

■■ Before considering an appeal on its merits, this court must determine whether an appeal has been properly taken so as to invoke the jurisdiction of the court. (*In re Marriage of Zymali* (1981), 94 Ill. App. 3d 1145, 419 N.E.2d 487; *In re Marriage of Lentz*; *English v. English*.) In order for the appellate court to have subject matter jurisdiction an appeal must generally be taken from a final order which either terminates the litigation between the parties on the merits or disposes of the rights of the parties in regard to the entire controversy or some definite part thereof. (*In re Marriage of Zymali*; *In re Marriage of Meyer* (1981), 92 Ill. App. 3d 679, 416 N.E.2d 91.) Only an order which terminates the litigation on the merits, so that, if affirmed, the trial court has only to proceed with execution is a final order. (*In re Marriage of Zymali*.) An order which leaves a cause still pending and undecided is not a final order. *In re Marriage of Zymali*.

■■ In the instant case respondent is appealing an order entered June 6, 1980, which ordered him to pay petitioner $8,000 within 30 days, and an order entered October 17, 1980, which ordered him to pay petitioner's accountant $1,958. The two orders appear to be temporary interlocutory orders intended to maintain the status quo between the parties pending a final judgment settling the questions of final property settlement, attorney's fees, and costs, and terminating the litigation between the parties. Neither order appears to be a final appealable order pursuant to Supreme Court Rule 301 (Ill. Rev. Stat. 1977, ch. 110A, par. 301; *In re Marriage of Zymali*; *In re Marriage of Meyer*), and neither order contains express written findings by the trial court which would make either order appealable pursuant to Supreme Court Rule 304 (Ill. Rev. Stat. 1977, ch. 110A, par. 304; *In re Marriage of Lentz*; *In re Marriage of Atkinson*). Moreover, a review of the record indicates that the trial court entered the June 6 order because the family was "hurting in general" and "without prejudice as to the outcome of the trial." The court clearly stated that the order was not for unallocated maintenance, child support, or the repayment of debts. The court also stated that "we can straighten it all out at the end, if I am wrong." The language chosen by the court to characterize

the order indicates that it is not a final order appealable pursuant to Supreme Court Rule 304. The orders do not fall into any of the categories for interlocutory appeals as of right pursuant to Supreme Court Rule 307 (Ill. Rev. Stat. 1977, ch. 110A, par. 307), nor has respondent requested leave to appeal from an interlocutory order pursuant to Supreme Court Rule 308 (Ill. Rev. Stat. 1977, ch. 110A, par. 308). The Illinois Supreme Court found in *In re Marriage of Lentz* that for an order to be appealable the Supreme Court Rules must be complied with, and we find that decision controlling of the instant issues and dispositive of this appeal. We therefore agree with petitioner that respondent has failed to perfect an appeal with respect to the instant orders, and the appeals are hereby dismissed. *In re Marriage of Lentz.* See *In re Marriage of Zymali*; *In re Marriage of Brown*; *In re Marriage of Atkinson*; *English v. English.*

Petitioner also urges that respondent's appeal from the order entered October 17, 1980, mutually enjoining both parties from transferring assets other than in the ordinary course of business should be dismissed because respondent has failed to comply with Supreme Court Rule 307, governing interlocutory appeals as of right. (Ill. Rev. Stat. 1977, ch. 110A, par. 307; *In re Marriage of Lentz*; *People ex rel. General Motors Corp. v. Bua* (1967), 37 Ill. 2d 180, 226 N.E.2d 6.) Supreme Court Rule 307 requires that the notice of appeal be designated "Notice of Interlocutory Appeal," and that the record on appeal be filed within 30 days from the entry of the interlocutory order. Respondent has failed to comply with both these requirements.

Respondent does not address the arguments raised by petitioner, but urges instead that the instant appeal should not be dismissed, as the order is immediately appealable because it is enforceable by contempt proceedings. *Board of Education v. Kankakee Federation of Teachers Local No. 886* (1970), 46 Ill. 2d 439, 264 N.E.2d 18; *Schallau v. City of Northlake* (1979), 82 Ill. App. 3d 456, 403 N.E.2d 266; *People ex rel. Watson v. Spinka* (1978), 58 Ill. App. 3d 729, 374 N.E.2d 787.

■■■ The appealability of that portion of the order entered October 17, 1980, which mutually enjoined the parties from transferring assets other than in the ordinary course of business is governed by Supreme Court Rule 307 (Ill. Rev. Stat. 1977, ch. 110A, par. 307). Supreme Court Rule 307 requires that the notice of appeal be designated "Notice of Interlocutory Appeal," and we observe that respondent's notice of appeal lacks the required designation. Supreme Court Rule 307 also requires that the record on appeal be filed within 30 days from the entry of the interlocutory order. We observe that respondent filed the record on January 16, 1981, some 91 days after the order was entered. We therefore agree with petitioner that the appeal must be dismissed for failure to comply with Supreme Court Rule 307. Ill. Rev. Stat. 1977, ch. 110A, par. 307; *In re*

*Marriage of Zymali*; *In re Marriage of Lentz*; *In re Marriage of Brown*; *English v. English.*

Appeals dismissed.

GOLDBERG and O'CONNOR, JJ., concur.