*In re* MARRIAGE OF RICHARD KOWALSKI, Plaintiff-Appellee, and SUSAN KOWALSKI, Defendant-Appellant.

Third District   No. 3—88—0547

Opinion filed July 17, 1989.

R. Michael Fischer, of Alton, for appellant.

Barash, Stoerzbach & Henson, of Galesburg (Dwayne I. Morrison, of counsel), for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, Susan Kowalski, appeals from an order denying her motion to vacate an order terminating the award of maintenance she received upon her divorce from Richard Kowalski. On appeal, Susan contends the trial court erred by: (1) improperly issuing a temporary restraining order; (2) finding Susan in contempt of court without a petition to show cause on file and without notice or a hearing; and (3) modifying and terminating Susan's maintenance without a petition, notice and a hearing.

Richard and Susan Kowalski's marriage was dissolved on February 8, 1982. The judgment entered concerning the dissolution provides for maintenance and states that neither party may remove a minor child permanently from the State of Illinois without a court order

or the written permission of the other parent. On July 6, 1984, Richard gave Susan written permission to remove the child from Illinois. Richard contends that he signed the consent form to remove the child because he thought his wife was going to take his child to the Michigan area where a family and friend support system existed.

On August 21, 1985, Richard obtained a temporary restraining order enjoining Susan from removing the child from Illinois on a permanent basis. On September 20, 1985, Susan was found in contempt of court and fined $1,000 per day for so long as she remained outside of Illinois. Susan had moved to Hawaii at the end of August. On October 15, 1985, the order was modified *at Richard's request,* such that Susan was given permission to remove the child to Hawaii, the $1,000-per-day fine was forgiven and maintenance was terminated effective June 1, 1988. *However, judgment was entered in favor of Richard and against Susan in the amount of $25,000. This award was to be released and satisfied on Jerod's 18th birthday, provided that Susan comply fully with this order and with the court's previous February 8, 1982, order. It should be noted that no petition was ever filed requesting the respondent be found in contempt of court, nor was any petition filed to amend the contempt order. It follows that respondent was not given any notice of these proceedings.* Between October 29, 1985, and October 9, 1987, Susan filed a number of motions to vacate the court's order of October 15, 1985. These motions were denied on July 18, 1988, and Susan has appealed.

Initially, Susan argues that the trial court improperly issued a temporary restraining order without the filing of a valid petition requesting such an order. The record reveals and Richard does not deny, that he failed to file the proper pleadings to request a temporary restraining order. The motion filed by Richard seeks an injunction preventing permanent removal of the child from Illinois. The motion states that Susan intends to move to Hawaii, and if she does so, Richard's rights will be adversely affected and that he does not have an adequate remedy at law.

■■ ■ The requirements for a temporary restraining order are provided for in the Code of Civil Procedure. Section 11—101 (Ill. Rev. Stat. 1987, ch. 110, par. 11—101) provides in relevant part:

> "No temporary restraining order shall be granted without notice to the adverse party unless it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served and a hearing had thereon ***."

It is undisputed that Richard did not file either a verified petition or an affidavit or any documents requesting the issuance of a temporary restraining order. Of course, if no supporting pleadings were filed, there were no facts stated in accordance with the requirements of a temporary restraining order. Thus, the temporary restraining order proceeding was transparently invalid. *People ex rel. Watson v. Spinka* (1978), 58 Ill. App. 3d 729, 374 N.E.2d 787.

Plaintiff argues that even if the issuance of the temporary restraining order is improper, Susan was not legally free to disregard the order with impunity. Richard further contends that the trial court possessed jurisdiction to enter this order because the relief sought was before the same circuit court which had granted the Kowalskis' judgment for dissolution of marriage.

Plaintiff's argument is incorrect. A verified petition is a necessary requirement in order to permit the court to act without notice to a defendant and would have to be considered the statutory equivalent of notice. However, without fulfilling the statutory requirements, it can be determined that the court lacked jurisdiction to enter the *ex parte* order. All of the orders complained of were obtained *ex parte* and without notice as is required in a contempt proceeding. Consequently, no jurisdiction over the person was obtained.

We find the court lacked jurisdiction to issue the August 21, 1985, temporary restraining order and did not have jurisdiction to enter the contempt and modification orders.

For the foregoing reasons the judgment of the circuit court of Knox County is reversed.

Reversed.

WOMBACHER, P.J., and HEIPLE, J., concur.