SYLVESTER JACKSON, Plaintiff-Appellant, *v.* GEORGE FEROLO *et al.*, Defendants-Appellees.

(No. 55003; ▮▮▮▮▮▮▮)

First District—April 11, 1972.

Alan E. Morrill and Robert A. Sprecher, both of Chicago, (Morrill, Koutsky, Klomann & Chuhak and Crowley, Sprecher, Barrett & Karaba, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Vincent Bentivenga, James A. Rooney, and Frederic B. Weinstein, Assistant State's Attorneys, of counsel,) for appellees.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

Plaintiff brought suit to recover for injuries sustained as the result of the alleged negligent discharge of a revolver on May 5, 1964, by the defendant, George Ferolo. Plaintiff amended his complaint and joined the City of Chicago and the County of Cook as defendants. Plaintiff apparently had difficulty in determining whether he should sue the City or the County, since Ferolo was either a deputy-bailiff, employed by the City, or a deputy-sheriff, employed by the County. The basis for this confusion was the Judicial Article to the Illinois Constitution [Sched. Par. 7, Art. 6, Illinois Constitution] which went into effect on January 1, 1964, abolishing the Municipal Court of Chicago and providing that bailiffs of that court would be subject to rule of the Circuit Court of Cook County.

On June 25, 1965, judgment on the pleadings was granted to the defendant, County of Cook, by agreement of the parties. On January 27, 1970—more than four years later—plaintiff filed a motion to vacate the order of July 25, 1965. The motion was denied. Plaintiff then voluntarily non-suited the City of Chicago and dismissed defendant Ferolo. Plaintiff appeals from the denial of his motion to vacate the order of July 25, 1965, contending that it was erroneous as a matter of law for the trial court to enter judgment on the pleadings for the County of Cook. It should be noted that this appeal is taken only against the County of Cook; defendants City of Chicago and George Ferolo are not parties to the appeal. The facts follow.

The Judicial Article, previously refermred to, went into effect January 1, 1964, and provided that the bailiff of the Municipal Court and his deputies should "perform such services as may be prescribed by rule of the Circuit Court." On January 2, 1964, the judges of the Circuit Court adopted Rule 0.5, which provided in part that the bailiff and his deputies "shall perform  *  *  *  the duties  *  *  *  usually performed by sheriffs  *  *  *." The rule further provided, under conditions of service, that "*  *  *  the powers, duties and liabilities, oath of office,  *  *  * of such bailiff shall be the same as near as may be  *  *  *  as those prescribed by law for sheriffs  *  *  *." It was May 5, 1964, about five months after the Sheriff had been given control of bailiffs, that plaintiff

was shot. It was October 1, 1964, that plaintiff filed his complaint alleging that Ferolo negligently shot him. On April 19, 1965, plaintiff filed an amended complaint in three counts. Count I charged negligence against Ferolo and sought damages from him. Count II was directed against the City of Chicago and alleged that at the time of the shooting, Ferolo was employed by the City as a deputy-bailiff and was acting in the scope of his employment, notwithstanding the fact that, pursuant to the Judicial Article, the bailiffs of the Municipal Court were subject to the supervision and control of the Circuit Court of Cook County. Count III was directed against the County of Cook and alleged that at the time of the shooting, Ferolo was employed by the County as a deputy-sheriff.

On May 11, 1965, the County moved for judgment on the pleadings on the ground that Ferolo was not employed as a deputy-sheriff at the time of the shooting. The motion was supported by the affidavit of the Chief Personnel Supervisor of the Sheriff's Office of Cook County, which stated that Ferolo was not employed by the Sheriff in 1964. Nothing in this affidavit reveals knowledge of the change in the Constitution placing deputy-bailiffs under the control of the Sheriff.

On May 12, 1965, the City of Chicago moved to dismiss the action against it on the ground that, as of January 1, 1964, the effective date of the new Judicial Article, deputy-bailiffs of the Municipal Court became employees of the Circuit Court of Cook County, and were no longer employed by the City.

On July 25, 1965, the Circuit Court [Judge Hugo M. Friend presiding, and all parties being represented and *agreeing thereto]* entered an order disposing of the motions of both the City and the County. The City, apparently unaware of the applicable provisions of the new Judicial Article, withdrew its motion to strike the complaint and was given 30 days to answer. The motion of the County for judgment on the pleadings was granted. Within the prescribed time the City filed an answer, admitting therein that, as alleged in the complaint, at the time of the shooting, Ferolo was employed by the City as a deputy-bailiff and was at that time and place engaged in the performance of his duties. This admission by the City was later retracted.

On January 5, 1970, the City moved for and obtained leave to file an amended answer instanter. The amended answer denied that Ferolo was in the employ of the City at the time of the shooting, but charged in an affirmative defense that Ferolo was an employee of the County of Cook. On January 27, 1970, plaintiff filed a motion to strike the City's affirmative defense, or, in the alternative, to vacate the agreed order of July 25, 1965, entering judgment for the County of Cook. Plaintiff's motion was heard on January 29, 1970, and at the conclusion of the hearing the court en-

tered two orders. The first order denied plaintiff's motion to vacate the order of July 25, 1965, after which plaintiff moved to take a voluntary nonsuit as against the City of Chicago and to dismiss the suit against Ferolo. The court so ordered. The sole issue left to be decided was the propriety of the court's order refusing to vacate the agreed order of July 25, 1965. From this order plaintiff appeals.

The order of July 25, 1965, which plaintiff seeks to vacate recites that it is an agreed order, and in addition, the attorney for the County of Cook submitted an affidavit attesting to the fact that plaintiff's attorney agreed to the order granting the County judgment on the pleadings, and that he was well aware of the purpose of that order. In his reply brief plaintiff refers to the order as a three-party agreement involving the City of Chicago, the County of Cook, and the plaintiff.

■■ An order entered by consent of the parties is not appealable because it is not a judicial determination of rights of the parties. It is merely a recital of their agreement. (*Massell v. Daley*, 404 Ill. 479, 89 N.E.2d 361.) An agreed order is appealable, however, when a party and/ or his attorney did not possess the legal capacity to enter into an agreement, or when the other party to the order [in this case, the County of Cook] procured the agreement through fraud on its part. (*Paine v. Doughty*, 251 Ill. 396, 96 N.E. 121.) The plaintiff here does not assert fraud on the part of Cook County, and the attorneys for plaintiff and defendants had the legal capacity to enter into the agreement.

■■■ A party cannot complain of a judgment, decree or order to which he has consented. (*Kelly v. Winkler*, 351 Ill.App. 145, 114 N.E.2d 335; *Carson v. Weston Hotel Corp.*, 351 Ill.App. 523, 115 N.E.2d 800; *Bert Jackson Motors, Inc. v. Chambers*, 114 Ill.App.2d 209, 252 N.E.2d 239.) In *Chambers*, the court held that the defendant could not assign as error the dismissal of his cross-complaint where the docket entry read, "By agreement Motion to Dismiss Third-Party complaint heard and allowed." In the instant case we are faced with a similar situation. The order recites that it was entered into by agreement of the parties, and there has been no showing to the contrary.

The failure of the parties to recognize in time the change brought about by the new Judicial Article of the Constitution may be regrettable, but it is not the basis for any relief in this case.

Judgment affirmed.

STAMOS, P. J., and LEIGHTON, J., concur.