DANVILLE TEACHERS FEDERAL CREDIT UNION, Plaintiff-Appellee, *v.* LOUIS BURELL *et al.,* Defendants—(LOUIS BURRELL, Defendant-Appellant.)

(No. 11500; ▮▮▮▮▮▮)

Fourth District—June 12, 1972.

*Rehearing denied July 28, 1972.*

William Garrison, of Danville, for appellant.

John A. Lambright, of Danville, for appellee.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals from an order denying his motion to vacate an order authorizing the issuance of a second citation to discover assets. As the order is not final, the appeal must be dismissed.

Each party briefs and argues the issues in terms of the vacation of a default judgment, rather than in terms of a proceeding under Ill. Rev. Stat. 1967, ch. 110, par. 73, and Supreme Court Rule, Ill. Rev. Stat. 1967, ch. 110A, par. 277(a) to discover assets. For such reason the issues cannot be considered within the context of briefs.

Plaintiff obtained a judgment by confession in January, 1966. In March it obtained an order for discovery of assets. A warrant for defendant's appearance was obtained and served on October 3, 1966, but it appears that defendant took bankruptcy on September 30, 1966. This fact is never adequately delineated in the record, but seems to be accepted by all concerned. On February 21, 1967, plaintiff filed a petition praying an order of the court authorizing a second petition for discovery of assets as required by the cited rule.

The allegations of the second petition for citation state, in summary, that in the telephone conversation on October 9, 1966, defendant advised plaintiff's attorney that defendant had filed in bankruptcy but that he, the defendant, intended to pay the account and would commence payments in the immediate future, and requested plaintiff's attorney to procure the discharge of the outstanding warrant; that plaintiff's attorney requested the defendant to write specifically concerning the action to be taken, but that defendant did not send said letter. It is further alleged that plaintiff's attorney wrote to defendant on October 28th concerning such conversation, but that defendant did not reply, and that on November 1st, plaintiff's attorney discussed the terms of defendant's conversation of October 9th, acknowledging the obligation and promise to pay with one Vogt, then attorney for defendant, and that the latter did not deny the conversation.

On February 24, 1967, defendant filed a motion to dismiss the petition. This motion appears to be under the provision of Ill. Rev. Stat. 1967, ch. 110, par. 48. It objects to the sufficiency of the allegations in the petition concerning the promise to pay, and contained the following:

"3. That the judgment underlying the petition has been discharged and the only proper means of raising the issue of revival is by the filing of a new suit alleging such revival of said debt as alleged in said petition."

Par. 48 (f) makes the fact of discharge in bankruptcy a ground for dismissal. This record does not disclose that the motion to dismiss was ever ruled upon.

On May 20, 1968, defendant filed an "answer" which admitted divers allegations of the petition, but denied that there was any promise to pay the original debt. In June, 1970, plaintiff filed a motion for "trial setting", and notices were mailed. Defendant failed to appear at the hearing ultimately held on August 12th. On September 10th, defendant filed a motion to vacate the order for issuance of a second citation. This was heard on November 25, 1970, in the context of a default in failing to appear, which defendant sought to explain because of his failure to call at the accommodation address for his mail. On December 7, 1970, there was a written order denying the motion to vacate and authorizing the issuance of the second citation. Defendant filed his notice of appeal.

Ill. Rev. Stat., ch. 110, par. 73, authorizes a judgment creditor to prosecute supplementary proceedings for examination of the debtor for the purpose of discovering assets or income not exempt from execution. If such are discovered, the court may make an appropriate order requiring the debtor to deliver or to pay from income not exempt from execution. No such order for payment of money or delivery of assets appears in this record, and so far as we can ascertain, none has ever been entered. The order at hand is that there be some discovery, *i.e.,* that the matter proceed in the trial court. Such is not a final order. It is not an interlocutory order appealable as of right under Supreme Court Rule 307.

The appeal is dismissed.

Appeal dismissed.

SMITH and CRAVEN, JJ., concur.