THOMAS D. KARNES, Plaintiff-Appellant, v. THE BOARD OF DIRECTORS OF THE STATE EMPLOYEES RETIREMENT SYSTEM, Defendant-Appellee.

Fourth District   No. 12920

Opinion filed September 23, 1976.

Walter H. Kasten, of Springfield, for appellant.

William J. Scott, Attorney General, of Chicago (Bonny Sutker Barezky, Assistant Attorney General, of counsel), for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Plaintiff appeals from a circuit court decision affirming the administrative decision of the Board of Directors of the State Employees Retirement System of Illinois (hereinafter the Board). He raises four issues: (1) Whether the circuit court erred in failing to order the Board to add the pension credits plaintiff accumulated under the Teachers Retirement System to his credits under the State Employees System; (2) Whether plaintiff's pension was properly computed under section 14—152 of the Illinois Pension Code; (3) Whether section 14—152 violates the special legislation provision of the Illinois Constitution or the Fourteenth Amendment of the United States Constitution; and (4) Whether the circuit court erred in failing to order the Board to compute plaintiff's pension pursuant to section 14—150 of the Illinois Pension Code.

The underlying facts are not in dispute. From 1925 to 1927 plaintiff Karnes was employed as a teacher at Illinois State Normal University, for which he has two years of pension credits under the Teachers Retirement System. From his employment by the Illinois Department of Insurance and from military service for various periods between 1933 and 1963, plaintiff accumulated 17.667 years credit under the State Employees Retirement System. On February 8, 1963, Karnes retired. He received a pension of $168.64 per month from the state employees system and $2.67 per month from the teachers system

On January 1, 1965, plaintiff re-entered the service of the Department of Insurance and was employed until his second retirement in April, 1969.

His pensions were suspended during his employment and he again contributed to the State Employees system. After his second retirement he received the same two pensions as noted above, plus an additional $78.48 per month for the last 4.292 years of service with the Department.

After his second retirement, plaintiff demanded of the Board that it compute a single annuity based upon 23.959 years of continuous service, or, in the alternative, that the Board compute his annuity under the provisions of section 14—150 of the Illinois Pension Code (Ill. Rev. Stat. 1967, ch. 108½, par. 14—150). The Board refused to do either. Plaintiff filed a complaint for administrative review in the circuit court of Sangamon County. The circuit court affirmed the decision of the Board. Plaintiff then appealed to this court. We affirm.

Plaintiff argues first that he was entitled to credit in the State Employees system for his two years as a teacher between 1925 and 1927. He objects to the separate computation of the annuity from the Teachers system and desires instead transfer of those two years to the Employees system in order to determine his total longevity for pension purposes under that system.

■■ Plaintiff relies on section 14—195 of the Illinois Pension Code (Ill. Rev. Stat. 1967, ch. 108½, par. 14—195) which, he states, refers one to article 20 of the Pension Code which is the Retirement Systems Reciprocal Act (Ill. Rev. Stat. 1969, ch. 108½, par. 20—101 et seq.). Assuming this to be true, plaintiff is in no better position. Although we agree that the intent of the reciprocity article is to assure full and continuous pension credit (Ill. Rev. Stat. 1969, ch. 108½, par. 20—101) that general intent must be interpreted within the confines of the specific statutory provisions enacted for effecting that purpose. Section 20—121 (Ill. Rev. Stat. 1969, ch. 108½, par. 20—121) provides for calculation of proportional retirement annuities. Plaintiff does not contend that his pensions are not calculated according to that formula. Instead plaintiff relies on section 20—122.1 (Ill. Rev. Stat. 1971, ch. 108½, par. 20—122.1), which provides for transfer of credit from one system to another. What plaintiff ignores is that that section, which was not enacted or effective until after his retirement and (incidentally) has since been repealed, is by its terms not applicable to one in plaintiff's position, i.e., one retired before the effective date of the act.

■■ Plaintiff also contends that he is entitled to the transfer under the doctrine of equitable estoppel. The estoppel, he argues, is based upon certain letters from officials of the Teachers and State Employees systems in the early nineteen fifties. Beside the fact that the letters are ambiguous and indicate that the officials themselves were confused about the possible transfer of credit, the doctrine of equitable estoppel is not applicable to the State under these circumstances. Although the doctrine

may be applicable in certain extraordinary circumstances such as to avoid fraud or injustice (*Hickey v. Illinois Central R.R. Co.* (1966), 35 Ill. 2d 427, 220 N.E.2d 415) there is no allegation of fraud nor any great injustice present in this case. Plaintiff is not deprived of his pension for the two years of service; rather, the pension is not as great as he would wish it to be.

Plaintiff's second contention is that the years of service prior to his first retirement and the years after his re-entry should be added together and his pension computed as if he had never retired. Plaintiff cites the first part of section 14—152(b) of the Illinois Pension Code (Ill. Rev. Stat. 1969, ch. 108½, par. 14—152(b)).

"§14—152. Re-entry after retirement.

(a) * * *

(b) If such person re-enters the service of a department, [not as a temporary employee,] contributions to the system shall begin as of the date of re-employment and additional creditable service shall begin to accrue. He shall assume the status of a member entitled to all rights and privileges in the system, including death and disability benefits, excluding a refund of contributions."

From this language plaintiff argues that one of the rights of a member is a computation of his pension based on total longevity as set forth in section 14—149 (Ill. Rev. Stat. 1969, ch. 108½, par. 14—149). Unfortunately for plaintiff's argument, subsection (b) continues with specific directions for the method of calculating pensions in this situation.

"(b) * * *

Upon subsequent retirement, his service retirement allowance [pension] shall consist of:

(1) the amounts of the allowances terminated by re-entry into service; and

(2) the amount of the additional service retirement allowance earned by him during the period of additional membership which shall not be subject to reversionary annuity if any. The total service retirement allowance shall not, however, exceed the maximum applicable to the member at the time of original retirement." Ill. Rev. Stat. 1969, ch. 108½, par. 14—152(b).

The statute could hardly be clearer. Plaintiff is entitled to, and receives, two pensions, the first one that which was terminated by his re-entry into service, and a second based upon his additional years of service. That is what plaintiff is entitled to, and that is what he is getting.

After plaintiff's second retirement, the General Assembly, in 1969, amended section 14—152 by adding the following:

"A person who re-enters State employment within one year after

retiring may qualify to have his service retirement allowance computed as though he had not previously retired by refunding to the System within 2 years after his re-entry or prior to a subsequent retirement, whichever is first, a lump sum payment equal to all retirement payments received." Ill. Rev. Stat. 1971, ch. 108½, par. 14—152.

Plaintiff re-entered State service more than one year after retirement. He argues that the amendment creates an impermissible and arbitrary classification in violation of the Fourteenth Amendment of the United States Constitution and the special legislation provision of the Illinois Constitution (Ill. Const. 1970, art. IV, §13).

The amendment which plaintiff claims is unconstitutional was not passed by the General Assembly until after plaintiff's retirement and therefore, contrary to plaintiff's assertion, could not have been effective at his retirement.

■■ A court will not determine the constitutionality of a provision of an act which does not affect the party raising the question. (*Rosewood Corp. v. Fisher* (1970), 46 Ill. 2d 249, 263 N.E.2d 833.) Plaintiff, who retired prior to the amendment, is not affected by it and cannot raise the constitutional issue.

■■ The remaining issue is whether the circuit court erred in failing to order the Board to compute plaintiff's pension pursuant to section 14—150 of the Illinois Pension Code (Ill. Rev. Stat. 1969, ch. 108½, par. 14—150). That section provides a computation formula which is an alternative to the formula in section 14—149. It is a general rule of statutory construction that a statute covering a specific subject controls as against general provisions covering the same subject. (*Mills v. County of Winnebago* (1969), 104 Ill. App. 2d 366, 244 N.E.2d 65.) Section 14—152, discussed above, specifically provides for the computation of pensions upon a subsequent retirement. It provides for re-instatement of the amounts of the allowances terminated by re-entry into service. Under this provision, plaintiff does not have the option, which existed when he first retired, of calculation under section 14—150. Plaintiff has not requested that the Board compute only the additional service years under section 14—150.

Accordingly, for the reasons stated above, the decision of the circuit court of Sangamon County is affirmed.

Affirmed.

TRAPP, P. J., and CRAVEN, J., concur.