THE PEOPLE *ex rel.* CYNTHIA LAMPKIN, Plaintiff-Appellee, *v.*
THOMAS BROWN, Defendant-Appellant.

First District (1st Division)    No. 78-2157

Opinion filed February 25, 1980.

Louis S. Elovitz, of Rotman, Medansky & Elovitz, Ltd., of Chicago, for
appellant.

Bernard Carey, State's Attorney, of Chicago (Paul P. Biebel, Jr., and E. Lynn
Perry, Assistant State's Attorneys, of counsel), for appellee.

Mr. PRESIDING JUSTICE GOLDBERG delivered the opinion of the court:

In this paternity action, the trial court entered an agreed order finding Thomas Brown (defendant) was the father of a child born to Cynthia Lampkin (plaintiff) on December 10, 1973. The agreed order also provided for defendant to pay plaintiff $15 per week for support of the child until further order of court. More than 30 days after entry of the order, defendant filed a motion to vacate under section 72 of the Civil Practice Act, supported by defendant's affidavit. (Ill. Rev. Stat. 1977, ch. 110, par. 72.) Plaintiff filed a response to the petition supported by an affidavit. After a hearing, the trial court denied the section 72 petition. Defendant has appealed.

In this court defendant contends: (1) the trial court erred in failing to advise defendant of his rights to counsel, to an appeal, a blood test, a jury trial, his right to remain silent and the burden "upon the State" to prove their case by a preponderance of the evidence and the right to a hearing on application of the Statute of Limitations. Defendant also contends: (2) the State's Attorney acted improperly to give legal advice to defendant while representing the plaintiff thereby denying defendant effective counsel and due process; and, finally, (3) the trial court failed to advise defendant of his right to appeal "after accepting his plea of guilty."

It is apparent that the first and third points raised by defendant pertain to the original judgment. Only the second point pertains to denial of defendant's section 72 motion. Under the view we take of this case, no point may be raised by defendant at this time regarding the agreed order of March 16, 1978, finding defendant to be father of the child and providing for support. Defendant's notice of appeal, filed September 22, 1978, purports to appeal from the order entered on September 5, 1978, denying defendant's section 72 petition and also from the previous final agreed order of March 16, 1978. It is patent that the notice of appeal was filed too late to bring before this court any issue regarding the final agreed order. However, the notice was timely filed with reference to the order denying the section 72 petition. Therefore we may not consider the points raised by defendant regarding the agreed final order of March 16, 1978, and we will deal only with the contention of defendant regarding denial of his section 72 petition.

■■ ■ We also note in this regard, as plaintiff properly contends, all of points one and three raised by defendant in this court were never raised in the trial court. Consequently these points may not now be raised in this appeal for the first time. (*Brown v. Lober* (1979), 75 Ill. 2d 547, 556, 389 N.E.2d 1188.) In addition, the final order of March 16, 1978, is an agreed order signed and approved as "agreed and accepted" by both of the parties. Consequently the agreed order "was not a judicial determination

of the rights of the parties but was a consent decree. * * * [A]s a general proposition, a consent decree is not appealable since it does not constitute a judicial resolution of the rights of the parties but is merely a recordation of their private agreement." *Pierce v. MacNeal Memorial Hospital Association* (1977), 46 Ill. App. 3d 42, 48, 360 N.E.2d 551; *Jackson v. Ferolo* (1972), 4 Ill. App. 3d 1011, 1014, 283 N.E.2d 247.

■■ On oral argument, defendant contended we are not dealing with a consent judgment in the case at bar because a trial was held in open court, as the record reflects. However, the proceedings were conducted by agreement of the parties. Both of them testified. The trial court carefully asked defendant twice if he wished to retain counsel. Defendant refused. The agreed judgment order was then executed by the parties and accordingly entered by the trial court. Under these circumstances it was neither necessary nor proper for the trial court to advise defendant regarding any right to appeal.

The sole remaining contention of defendant concerns denial of the section 72 petition. Defendant, fully aware of and a party to the agreed order of March 16, 1978, took no action to attack the order but apparently complied with it. On June 14, 1978, plaintiff by her counsel served notice on defendant and petitioned the court to increase the support order. Plaintiff's petition alleged earnings by defendant far above the testimony given by defendant and incorporated into the agreed order.

Thereafter, on July 18, 1978, defendant filed his section 72 petition. Defendant alleged he had appeared in court without an attorney. Defendant discussed the matter with an assistant State's Attorney who allegedly advised him, "the State does not lose these cases and that it would be much simpler and cheaper for" defendant to admit the paternity and pay $15 a week for support. The petition alleged that defendant, being unschooled in the law and with limited funds, indicated he would admit to being the father of the child even though he was not the father if the State would request only $15 per week for support.

The petition also alleged that, after being served with the notice of motion to increase the payments, defendant first obtained legal advice "and learned that the advice of the State's Attorney was improper and inappropriate, and that his agreement to pay support for a child that was not his was inappropriate and improper * * *."

Regarding diligence, defendant alleged he had only recently learned of his right to appear in court and contest the issues; he did not understand the proceedings and he was of the opinion that as long as he made the $15 payments the matter would remain unchanged. This petition was supported by an affidavit by defendant alleging in effect the above facts and attesting to the truth of the petition.

On August 15, 1978, plaintiff filed her answer to the petition. Plaintiff

admitted the defendant had appeared without an attorney but denied each and all of the remaining allegations of the petition. The answer affirmatively stated defendant had not shown a meritorious defense or diligence. Plaintiff alleged that during the trial, prior to entry of the paternity order, defendant testified he had engaged in intercourse with the plaintiff during the 10-month period prior to the birth of the child; he was the father of the child and he had been providing support for the child. The answer referred to the hearing on March 16, 1978, wherein defendant testified he had provided support for his child up until that date. In addition, defendant verbally agreed to the order of paternity and support in open court and approved the agreed order by his signature. This answer was verified by plaintiff.

Plaintiff's answer was supported by an affidavit of the assistant State's Attorney who had represented plaintiff in the trial court. The affidavit alleged defendant had called the affiant in her office on or about February 16, 1978, and again on March 13, 1978. On these and several other occasions, defendant told the affiant he had been contributing to support of the child and wished to admit paternity. On March 16, 1978, the parties met with the affiant in her office. After discussion, an agreement was reached as reflected in the agreed paternity order. Affiant added that defendant had been advised of his rights under the paternity statute, including the right to be represented by counsel. Affiant specifically denied she had told defendant the State does not lose these cases or it would be cheaper and simpler for defendant to admit paternity. Affiant stated she made no promise that the order of support would remain constant. On September 5, 1978, after a hearing on the petition, the trial court ordered that the section 72 petition be denied.

■■ In our opinion, defendant failed to comply with the requirements of a proper section 72 petition. We find a lack of diligence by defendant. The agreed order was entered March 16, 1978, and the section 72 petition was filed some four months later on July 18, 1978. The petition was filed only after the plaintiff had served notice of a petition for modification of the support order.

The courts of Illinois have repeatedly held that eligibility for relief under section 72 rests solidly upon the requirement that petitioner act with due diligence so that his failure to avail himself of the remedy resulted from no fault or negligence of his own. *Diacou v. Palos State Bank* (1976), 65 Ill. 2d 304, 310, 357 N.E.2d 518, and authorities there cited.

In the case before us, defendant voluntarily appeared without counsel. In our opinion, after review of the entire record before us, we conclude defendant was fairly dealt with by opposing counsel and by the court. Defendant is now attempting to convince this court that he

perjured himself by testifying in open court that the child was actually his and that he had continually supported it. However, defendant's credibility is destroyed by his own testimony which contradicts his section 72 petition.

■■■ A paternity action of this type is civil in nature and the purpose of it is not to punish the defendant "but to convert a father's moral obligation to support his illegitimate children into a legal obligation." (*Cessna v. Montgomery* (1976), 63 Ill. 2d 71, 89-90, 344 N.E.2d 447.) In addition, a petition filed under section 72 "invokes the equitable powers of the court, as justice and fairness require, \* \* \*." (*Elfman v. Evanston Bus Co.* (1963), 27 Ill. 2d 609, 613, 190 N.E.2d 348.) We conclude it would be highly inequitable in the case before us to permit defendant to vacate the paternity judgment and thus to escape discharge of the duty which was his and which he actually requested the trial court to impose.

The law requires that a section 72 petition also allege facts showing a meritorious defense. In *Graf's Beverages of Ill., Inc. v. Tauber* (1977), 50 Ill. App. 3d 1047, 1051, 366 N.E.2d 150, the court held:

> "The existence of a meritorious defense is, of course, indispensable regardless of the petitioner's diligence for the courts will not grant a section 72 petition merely to give the petitioner a second chance if he did not merit relief in the first place." 50 Ill. App. 3d 1047, 1051.

As shown, defendant accepted the liability of his own volition, testified in support of the paternity order and agreed to the amount of support with the express provision in the order that the sum of $15 per week was to be paid until further order of the court based upon the then current financial situations and resources of the parties. Defendant's section 72 petition was properly denied for that additional reason.

For these reasons the judgment appealed from is affirmed.

Judgment affirmed.

McGLOON and O'CONNOR, JJ., concur.