*In re* MARRIAGE OF CORRINE JUSTEMA, Petitioner-Appellee, and ELMER J. JUSTEMA, JR., Respondent-Appellant.

Second District    No. 80-364

Opinion filed April 30, 1981.

484

Gerald M. Sheridan, Jr., of Wheaton, for appellant.

Alexander J. Burek, of Wheaton, for appellee.

Mr. JUSTICE NASH delivered the opinion of the court:

Respondent, Elmer J. Justema, Jr., appeals from a judgment entered in favor of Attorney Alexander J. Burek for $10,000 awarded as temporary attorney's fees for representation of petitioner, Corrine Justema. The question presented by this appeal is whether the Illinois Marriage and Dissolution of Marriage Act authorizes the court to order payment of temporary attorney's fees to a party for services which have not yet been rendered. We conclude it does not and reverse the judgment of the circuit court.

Corrine Justema filed a petition for dissolution of her marriage to Elmer J. Justema, Jr., in which she sought temporary and permanent costs and attorney's fees, together with other relief. Petitioner alleged she lacked sufficient financial resources to provide legal services for herself and that respondent had the ability to do so having under his control assets worth approximately one million dollars, the exact nature of which she had no knowledge. On July 12, 1979, she presented a petition for an injunction, temporary maintenance and also for temporary attorney's fees to enable her to prepare for trial, have discovery depositions taken and appraisals made of the assets of the parties. At the hearing of the temporary attorney's fees question held July 24, it was disclosed that the respondent was a physician with an income in 1977 exceeding $200,000, although he stated it had decreased recently. Respondent testified he also

had interests in real estate, commercial endeavors and investments in Illinois, Florida and Texas, together with substantial debts. The record does not specify the values of these property interests or present a clear view of respondent's net worth or liquidity at the time of the hearing. Petitioner testified she had approximately $10,500 in savings accounts and received temporary maintenance payments of $2,000 each month from respondent.

Counsel for petitioner acknowledged he had received a retainer of $1,000 from her but informed the trial court that another $10,000 was required to prepare for trial because of the need to investigate and appraise respondent's varied assets and business interests. No evidence was presented as to the legal services which had already been performed, the time expended in doing so and the fees necessarily incurred by petitioner to this point in the litigation. (See *In re Marriage of Reczek* (1981), 95 Ill. App. 3d 220, 420 N.E.2d 161.) Petitioner's request for temporary attorney's fees was directed prospectively to meet the anticipated costs of future legal services to be rendered in this case. The trial court granted petitioner's request, and on July 24 entered an order directing respondent to pay $10,000 to petitioner's attorney, Alexander J. Burek, for temporary attorney's fees.

On April 17, 1980, respondent filed a motion to vacate the order for fees and, alternately, requested the trial court to modify it "to make it a judgment order in appealable form," noting the temporary order entered July 24, 1979, was interlocutory and not appealable. The court denied respondent's motion to vacate, but entered judgment in favor of attorney Burek and against respondent for $10,000, with execution to issue forthwith, and further found there was no just reason for delaying enforcement or appeal of the judgment. Respondent filed a notice of appeal on May 14, 1980, from the order for attorney's fees entered July 24, 1979, and the orders of April 17, 1980, denying vacation and entering judgment against him.

■■ We note initially that the order entered July 24, 1979, awarding temporary attorney's fees was not final and was therefore not appealable. (See *In re Marriage of Meyer* (1981), 92 Ill. App. 3d 679, 680, 416 N.E.2d 91, 93; see also *Kuhns v. Kuhns* (1968), 101 Ill. App. 2d 258, 243 N.E.2d 460 (abstract); *Hirsh v. Hirsh* (1967), 81 Ill. App. 2d 354, 225 N.E.2d 42.) Nor was the order entered April 17, 1980, denying respondent's motion to vacate that interlocutory order appealable. (See *Danville Teachers Federal Credit Union v. Burell* (1972), 6 Ill. App. 3d 94, 284 N.E.2d 729.) The judgment entered on April 17 in favor of attorney Burek upon which execution was directed to issue (see Ill. Rev. Stat. 1979, ch. 40, par. 508(b)), although based upon the interlocutory order for temporary fees,

did dispose of the rights of the parties to that extent and must be considered as final and appealable. (See *Johnson v. Northwestern Memorial Hospital* (1979), 74 Ill. App. 3d 695, 697, 393 N.E.2d 712, 713.) An anomaly is presented in this situation as on final determination of the case the trial court may well find that petitioner is not entitled to any attorney's fees or, too, the parties may reconcile before the fees have been earned by Attorney Burek. Additionally, respondent arguably could be said to have consented to the entry of the judgment against himself, thus barring appeal. (See *Jackson v. Ferolo* (1972), 4 Ill. App. 3d 1011, 283 N.E.2d 247; *Rodriguez v. Chicago Transit Authority* (1965), 58 Ill. App. 2d 150, 206 N.E.2d 828.) We have concluded, however, that we will consider the merits of this appeal.

Section 508 of the Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1979, ch. 40, par. 508) provides in pertinent part as follows:

> "(a) The court from time to time, after due notice and hearing, and after considering the financial resources of the parties, may order either spouse to pay a reasonable amount for his own costs and attorney's fees and for the costs and attorney's fees *necessarily incurred* by the other spouse, which award shall be made in connection with the following:
>
> . (1) The maintenance or defense of any proceeding under this Act.
>    *  *  *
>
> (5) The costs and legal services of an attorney *rendered* in preparation of the commencement of the proceeding brought under this Act.
>
> (b) The court may order that the award of attorney's fees and costs hereunder be paid directly to the attorney, who may enforce such order in his name, or that they be paid to the revelant party. Judgment may be entered and execution levied accordingly." (Emphasis added.)

■■ It is well established in Illinois that attorney's fees may be awarded to a litigant only when they are expressly authorized by statute or by agreement of the parties. (*Thornton v. Illinois Founders Insurance Co.* (1981), 84 Ill. 2d 365, 418 N.E.2d 744; *Meyer v. Marshall* (1976), 62 Ill. 2d 435, 442, 343 N.E.2d 479, 483.) The authority of a court to decide matters relating to the dissolution of a marriage is limited to its specific statutory grant, especially when the court is asked to award attorney's fees. *McArdle v. McArdle* (1977), 55 Ill. App. 3d 829, 837, 370 N.E.2d 1309, 1315; *Rosenbaum v. Rosenbaum* (1976), 38 Ill. App. 3d 1, 19, 349 N.E.2d 73, 87. ■■ Whether prospective temporary attorney's fees may be awarded under the Illinois Marriage and Dissolution of Marriage Act has not been

considered by the reviewing courts of Illinois. Respondent contends that the past tense language of the statute which permits the court to award costs and attorney's fees "necessarily incurred" and for "costs and legal services of an attorney rendered in preparation of the commencement of the proceedings" does not grant authority to award advanced unearned fees for legal services not yet performed. Petitioner looks to the prior divorce act and cases decided under it as supporting the fee award made to her attorney. Section 15 of the former divorce act provided in part:

> "In all cases of divorce the court at any time after service of summons and proper notice to the husband or wife may require the husband to pay to the wife or pay into the court for her use or may require the wife to pay to the husband or pay into the court for his use during the pendency of the suit such sum or sums of money as may enable her or him to maintain or defend the suit; * * *." (Ill. Rev. Stat. 1975, ch 40, par. 16).

This provision and its predecessors had been held to allow prospective awards of costs and attorney's fees to enable parties to maintain or defend a divorce suit. (*Druce v. Druce* (1942), 313 Ill. App. 169, 39 N.E.2d 690; *Labanauskas v. Labanauskas* (1923), 228 Ill. App. 273.) It is apparent, however, that the provisions of the prior divorce act differ substantially from the attorney's fee provisions of the Illinois Marriage and Dissolution of Marriage Act.

Nor does section 313 of the Uniform Marriage and Divorce Act, upon which section 508 was based, appear to authorize an award of prospective attorney's fees:

> "The court from time to time after considering the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this Act and for attorney's fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or after entry of judgment. The court may order that the amount be paid directly to the attorney, who may enforce the order in his name." (9A Uniform Laws Annotated §313 (1979).)

The court in *In re Marriage of Bliss* (Mont. 1980), 609 P.2d 1209, considered the uniform act and concluded:

> "This section provides that the court may order one party to pay the other's attorney fees 'for legal services *rendered* and costs *incurred* [prior to the commencement of the proceeding or] after entry of judgment.' (Emphasis added.) This section contemplates that under normal circumstances, an order for attorney fees will be permitted only after counsel for the benefitted party has completed his services." 609 P.2d 1209, 1212.

■■ We have also considered section 501(a)(3) of the Illinois Marriage and Dissolution of Marriage Act which provides that a party may move for "other appropriate temporary relief." (Ill. Rev. Stat. 1979, ch. 40, par. 501(a)(3).) The Smith-Hurd Historical and Practice Notes suggest temporary attorney's fees may be sought under authority of this section. (Ill. Ann. Stat. ch. 40, par. 501, Historical and Practice Notes at 376 (Smith-Hurd 1980).) We would agree subject, however, to the proviso that the authority to make such an award would be limited by the more specific provisions of section 508(a)(5) which are directed to the same subject. (*Karnes v. Board of Directors* (1976), 41 Ill. App. 3d 1015, 1019, 355 N.E.2d 191, 195; *In re Petition of East Maine Township Community Association* (1957), 15 Ill. App. 2d 250, 257-58, 145 N.E.2d 777, 781.) We conclude section 501(a)(3) alone would not provide a basis for the award of prospective attorney's fees or costs.

■■ A primary rule of statutory construction requires a court to ascertain the intention of the legislature and give it effect. In doing so the language of a statute must be given its plain and ordinary meaning (*Franzese v. Trinko* (1977), 66 Ill. 2d 136, 139, 361 N.E.2d 585, 587), and a court cannot supply a provision which has been omitted by the legislature (*Droste v. Kerner* (1966), 34 Ill. 2d 495, 504, 217 N.E.2d 73, 79). In our view, the legislature by section 508 authorized courts to, from time to time, order payment of attorney's fees and costs incurred by a party for services of an attorney which have been rendered. It did not, however, grant specific authority for a court to award prospective attorney's fees or costs.

■■ Petitioner contends further that a construction of section 508 denying prospective attorney's fees would do violence to the ethics of the legal profession. She states that attorneys for spouses lacking financial resources of their own would be forced to advance the sums necessary to prepare their client's cases, thus inviting financial investment in them. We note, however, Rule 5—103 of the Illinois Code of Professional Responsibility (79 Ill. 2d R. 5—103) provides: "* * * a lawyer may advance or guarantee the expenses of litigation, including court costs, expenses of investigation, * * * and costs of obtaining and presenting evidence, provided the client remains ultimately liable for such expenses."

As we have determined the judgment for attorney's fees must be reversed on the grounds we have discussed, we need not consider respondent's contentions that petitioner was able to pay her own fees or that the $10,000 awarded was excessive.

For the foregoing reasons the judgment of the circuit court of Du Page County is reversed.

Reversed.

LINDBERG and VAN DEUSEN, JJ., concur.