No. 3--00--0749

_________________________________________________________________

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2001

In
 
re
 STEFFANIE L. ADAMS, ) Appeal from the Circuit Court

n/k/a Steffanie L. Chan, ) for the 14th Judicial Circuit,

Petitioner-Appellee,
 ) Rock Island County, Illinois

)

and ) No. 99--F--48

)

RICARDO SANCHEZ, ) Honorable

Respondent-Appellant.
 ) Joseph F. Beatty,

) Judge, Presiding

_________________________________________________________________

JUSTICE BRESLIN delivered the opinion of the court:

_________________________________________________________________

In this case joint custody was established under the 
Illinois Parentage Act of 1984 (Parentage Act) 
(750 ILCS 45/1 
et
 
seq.
 (West 1998)) with physical custody given to the petitioner, Steffanie Adams, and visitation every other weekend with the respondent, Ricardo Sanchez.  Steffanie filed a petition to relocate and, later, a petition for modification of the visitation order.  The trial court held that Steffanie had an "absolute right to relocate" and ordered the parties to mediate the visitation schedule.  We
 hold that the Parentage Act does not give courts the power to enjoin a parent with joint custody from removing her child from the state.  Additionally, we hold that Ricardo did not preserve his right to appeal the agreed visitation schedule.  Accordingly, we affirm.

FACTS

Steffanie gave birth to Brandon on January 13, 1995.  Approximately four years later, Ricardo was identified as the putative father, and the parties entered into a joint custody agreement that was made formal in an agreed order.  The agreement gave Steffanie physical custody of Brandon and gave Ricardo visitation every other weekend, one evening each week, and certain holidays. 
 
 

In May of 2000, Steffanie filed a petition to relocate, which stated that she had recently married and intended to reside with her new husband in California.  The petition also stated that Steffanie received a job offer in California and that moving would greatly enhance Brandon’s life.  In response, Ricardo filed a motion to dismiss and a subsequent petition that requested leave to file a petition to modify custody pursuant to section 610(a) of the Illinois Marriage and Dissolution of Marriage Act (Marriage Act) (750 ILCS 5/610(a) (West 1998)).  

In his petition, Ricardo claimed that Steffanie met her current husband over the Internet and married him shortly afterwards, even though they met in person only two times and spent no more than four total days together prior to marriage.  Ricardo also claimed that although Steffanie continued to abide by the visitation schedule set forth in the agreed order,
 she refused to make any adjustments to facilitate "a proper joint parenting relationship."  Based on these factors, Ricardo argued that Brandon’s living environment was a danger to his mental, moral, and emotional health.  Ricardo’s petition was later dismissed by the trial court, and n
o appeal was taken regarding that dismissal.

On July 11, 2000, the First District Appellate Court published 
In re Parentage of Melton
, 314 Ill. App. 3d 476, 732 N.E.2d 11 (2000).
  Several weeks later, Steffanie filed a second petition to relocate based on 
Melton
,
 requesting a modification of visitation.  W
ithout conducting an evidentiary hearing,
 
the trial court determined
 that Steffanie had "an absolute right to relocate" based on the decision in 
Melton
 and that Steffanie’s motion to relocate was moot.  The court 
issued an order stating that the parties were required to mediate the visitation issue and that "until all issues remaining in this case are heard, there are no final and appealable orders in this case."  The order also stated that, if mediation was unsuccessful, the court would conduct a hearing regarding the visitation issues.

 In lieu of mediation,
 the parties entered into an agreement for a new visitation schedule, and they presented their agreement to the court on that same day.  The court issued a supplemental order, approving the agreement and negating the parties’ obligation to mediate.  The order stated that Ricardo was reserving his right to appeal the court’s decision with respect to 
Melton
, that his concession to the visitation schedule was based solely on the court’s ruling that day, and that the agreement was not a concession or agreement regarding the issues of
 removal, relocation, or custody.  The order also stated that it was a full and final decision of the court, subject to the right of an immediate appeal regarding the applicability of 
Melton
.  Ricardo filed a notice of appeal three weeks later.

ANALYSIS

The first issue in this case is whether the court erred when it dismissed Steffanie’s petition to relocate as moot pursuant to 
Melton
.  
This court reviews issues of law 
de
 
novo
.
 
Department of Public Aid ex rel. Davis v. Brewer
, 183 Ill. 2d 540, 702 N.E.2d 563 (1998).

Relying on 
Melton
, the trial court dismissed Steffanie’s petition to remove because it believed that she had "an absolute right to relocate" Brandon to California.  Ricardo contends that the trial court erred and
 suggests that 
Melton
 is inapplicable to this case because the parties in 
Melton
 did not have joint custody.  Because the parties here have joint custody of Brandon, Ricardo asserts that section 16 of the Parentage Act (750 ILCS 45/16 (West 2000))
 requires that the court apply the "relevant standards" set forth in section 610 of the Marriage Act (750 ILCS 5/610 (West 2000)), which relates to modifications of joint custody arrangements.

In 
Melton
, the appellate court determined that the trial court lacked the power under the Parentage Act 
to enjoin a mother from removing her child from the state. 
Melton
, 314 Ill. App. 3d at 479, 732 N.E.2d at 14.  The court also determined, however, that if the proposed move would result in the mother’s noncompliance with the visitation schedule, she had to first seek permission from the court to modify the visitation order. 
Melton
, 314 Ill. App. 3d at 479, 732 N.E.2d at 14.

We find the reasoning in 
Melton
 persuasive.  Although the Parentage Act has adopted some of the provisions of the Marriage Act, it does not incorporate the entire Marriage Act and does not confer the same broad powers on the court. See 
Melton
, 314 Ill. App. 3d at 478, 732 N.E.2d at 13.  The 
court has no inherent powers in parentage cases, and the court’s authority to hear parentage cases is limited to the exercise of those powers that are expressly given to it by the statute.  See 
In re Marriage of Cohn
, 93 Ill. 2d 190, 443 N.E.2d 541 (1982).  Because the Parentage Act does not expressly give the courts the power to enjoin a parent, 
even
 
with
 
joint
 
custody
, from removing the child from the state, we affirm.  Steffanie’s petition to relocate is moot because the trial court lacks the power under the Parentage Act to enjoin Steffanie from removing Brandon from Illinois.

But we take issue with the trial court’s 
suggestion that Steffanie had "an absolute right to relocate" with Brandon because she, like the mother in 
Melton
, had to first seek permission to modify the visitation schedule if she could not comply with it after the
 move.  Steffanie, in fact, filed a petition to modify visitation.
  Therefore, we 
now consider whether the trial court should have conducted a best interests hearing on Steffanie’s petition.

Section 16 of the Parentage Act (750 ILCS 45/16 (West 2000))
 provides that the court has continuing jurisdiction to modify an order for visitation included in a judgment entered under the Parentage Act. 

 According to the record, Steffanie properly filed a motion requesting a modification of the visitation schedule based on the decision in 
Melton
.  After a hearing, t
he court ordered the parties to mediate the visitation issue.  In its order, the court stated that it would conduct a best interests hearing
 if the parties could not reach an agreement.  Rather than mediate, the parties consented to a new visitation schedule and presented their agreement to the court.  The court issued a supplemental order approving the agreement.

Although Ricardo requests this court to remand this case to the trial court with orders to conduct a best interests hearing, the parties agreed to a revised visitation schedule and that agreement was set forth in an order of the court.  
Because the order was a recital of the parties’ agreement and was not a judicial determination of the rights of the parties, the order is not appealable
.
  
See 
English v. English
, 72 Ill. App. 3d 736, 393 N.E.2d 18 (1979) (determining that a consent order signed by the parties in a divorce action was not subject to appeal); 
Jackson v. Ferolo
, 4 Ill. App. 3d 1011, 283 N.E.2d 247 (1972) (determining that a party cannot complain of a judgment, decree, or order to which he has consented).  Accordingly,
 Ricardo’s
 attempt to preserve his right to appeal subject to the applicability of 
Melton
 fails.

For the foregoing reasons, the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

HOMER, P.J., and McDADE, J., concur.